## Livingston *vs.* Ostrander and others.

A *replication* to a plea of *non assumpsit infra,* &c. that within six years be-fore the commencement of the suit the defendant promised, &c. stating the day on which the capias issued, without shewing its return, or con-necting it with subsequent process, is good; such allegation of the issuing of the capias being mere surplusage.

It is only when the suing out a capias *to save the statute* is replied, that it is necessary to set forth the return, and by regular continuances connect the first with the subsequent process on which the defendant is arrested; where the *plaintiff relies on a new promise,* the *time* of the commencement of the suit is *matter of evidence,* and need not be *pleaded.*

DEMURRER to replication. The plaintiff declared on a note of the ancestor of the defendants, they being sued as *heirs,* bearing date 19th October, 1817, payable *on demand.* The declaration also contained the common counts, the day of the promise being the same as the date of the note. The defendants pleaded *non assumpsit, infra,* &c. and *actio non accrevit infra,* &c. The plaintiff replied to the *first plea,* that this suit was commenced by suing out a capias on the 26th September, 1825, tested in August and returnable in October, 1825, directed to the sheriff of Herkimer, and that *within six years next before the commencement of the suit,* as aforesaid, the ancestor promised, &c.; and to the second plea, that within six years next after the several causes of action in the declaration mentioned accrued, to wit, on the 26th September, 1825, the plaintiff commenced this suit by issuing a capias, tested and returnable as above, and that *the several causes of action, &c. accrued* to the plaintiff *within six years next before the suing out of the said capias.* The defendants demurred to these replications, assigning for causes specially that the pleas tender immaterial issues, that it is not averred that the capias was delivered to the sheriff, or that it was returned, &c. &c. The plaintiff join-ed in demurrer.

*D. Cady,* for defendants.

*J. A. Spencer,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. The replications in this case do not purport to be replications of a writ sued out to save the statute. In such cases, the replication states a writ issued within six years after the promise made or action accrued, and shews the first writ returned, and regular continuances down to the process upon which the defendant was arrested; but these are no more than common replications, and what is said about the suit being commenced by capias issued on the 26th September, 1825, is mere surplusage. Had that been omitted, the replications would have been perfect; no issue is tendered or can be taken upon the commencement of the suit, nor is it at all material, for the plaintiff relies on a subsequent promise made as he says within six years *before the commencement of the suit.* This averment was unnecessary and improper, if the suing out a writ within six years had been relied on. In such cases no new promise is pretended. Here the plaintiff relies on a new promise; and when his suit was commenced, is matter of evidence. The replications, though informal, are substantially good. See 3 *Wendell,* 473. 5 *id.* 63.

Judgment for plaintiff, with leave to defendant to rejoin *on terms.*