Nelson *v.* Lounsbury.

———————

SAME TERM. *Before the same Justices.*

NELSON and others, ex'rs of Green, *vs.* LOUNSBURY.

The principle in regard to the manner of replying to a plea of the statute of limitations, where the plaintiff would avail himself of the time allowed by the 8th section of the statute, in an action brought *against* executors or administrators, or of that allowed by the 9th section in an action brought *by* them, is the same in both cases. It is unnecessary to set out, in pleading, the time which these provisions

Nelson *v.* Lounsbury.

of the statute allow for the bringing of actions after the death of the testator or intestate, and after the granting of letters testamentary or of administration.

It is matter of evidence, under the issue " *infra sex annos ;*" and when proved, the time thus allowed will not be taken into the computation of the six years.

Unnecessary statements in a replication, all tending to the one point properly put in issue, are to be regarded as surplusage.

And superfluous matter, in a replication concluding to the country, does not vitiate.

DEMURRER to replication. The action was assumpsit upon a promissory note given to Martha Green, the plaintiff's testatrix, in her lifetime, and dated September 12, 1837. Plea, general issue, and *actio non accrevit infra sex annos.* Replication admitting that although the causes of action mentioned in the plaintiff's declaration did not accrue within six years next before the commencement of the suit, yet that after the causes of action accrued, and before the expiration of six years, to wit, on the 7th of May, 1841, the testatrix died; that on the 11th of June, 1841, letters testamentary were granted to the plaintiffs; that one month and three days elapsed between the death of the testatrix and the granting of the letters testamentary; that such period of one month and three days, and the period of six months after the granting of the letters testamentary are not to be deemed any part of the time limited by law for the commencement of this action ; that after deducting such periods of time, amounting, together, to seven months and three days, from the time elapsed since the plaintiffs' cause of action accrued, the said cause of action did accrue within six years ; concluding to the country. To this replication the defendant demurred, and specified the following causes of demurrer. (1.) That it did not traverse or deny the allegation in the defendant's plea of *actio non accrevit.* (2.) That it introduced new matter, and did not conclude with a verification, but to the country. (3.) That it was multifarious and argumentative. The plaintiffs joined in demurrer.

*T. R. Lee,* for the defendant.

*A. Lockwood,* for the plaintiffs.

Nelson *v.* Lounsbury.

*By the Court*, McCoun, J.   If the replication, which is the subject of the demurrer in this case, had concluded with a *verification*, it would have been clearly bad within the principle decided in *Howell* v. *Babcock's Ex'rs*, (24 *Wend.* 488,) because in form it would have tendered unnecessary and immaterial matter to be put in issue, as was done in that case.   But this replication concludes to the country, taking issue upon the plea of *actio non accrevit*, &c. and thus steers clear of the objection of its being new and immaterial matter which it attempts to introduce and put in issue, in avoidance of the plea. The principle in regard to the manner of replying to a plea of the statute of limitations, where the plaintiff would avail himself of the time allowed by the 8th section of the statute, in an action brought *against* executors or administrators ; or of that allowed by the 9th section in an action *by* executors or administrators, (2 *R. S.* 365, 2d ed.) is the same in both cases.   It is unnecessary to set out, in pleading, the time which these provisions of the statute allow for the bringing of actions after the death of the testator or intestate, and after the granting of letters testamentary or of administration.   It is matter of evidence under the issue " *infra sex annos*," and when proved, the time thus allowed will not be taken into the computation of the six years.   Here the pleadings, as they stand, present an issue upon the point whether the action accrued within six years of the time of bringing it, or not.

The next question then is, whether the replication—containing, as it does, matter that is unnecessary to be stated in order to make this issue—is bad for *duplicity* or multifariousness ? It is clear, from the authorities, that the unnecessary statements of this replication, all tending to the one point put in issue, are to be regarded as mere *surplusage ;* and that superfluous matter in a replication concluding to the country does not vitiate. (9 *Wend.* 306.   3 *Hill*, 547.   1 *Denio*, 427.)   The demurrer must be overruled with costs,