JACOB ESSELSTYN *v.* HILAND B. WEEKS. (*a*)

Where the defence to an action on contract is, that the cause of action did not accrue within six years, the plaintiff was not required by the Code, even before the amendments of 1852, to set up a new promise in a reply. A general averment that it did accrue within six years, was sufficient to admit evidence of a new promise.

The amendments, above referred to, having abolished the reply, except where the answer sets up a counter claim; *it seems*, that a new promise or acknow-

---

(*a*) The judgment in this cause has been reversed in the Court of Appeals. That court sustained the Common Pleas upon the question of pleading, but not upon the other point involved in the case. (See 2 Kernan, 635.)

Esselstyn *v.* Weeks.

ledgment may be proved, in avoidance of the statute of limitations, although the pleadings, on the part of the plaintiff, merely allege the original demand.

The 110th section of the Code, which provides that no acknowledgment or new promise shall be sufficient to remove a case from the operation of the statute of limitations, unless contained in some writing signed by the party to be charged, does not apply to a note made before the passage of the Code. (The decision of the Supreme Court, in the case of *Wadsworth* v. *Thomas*, 7 Barb. 445, dissented from.)

This action was brought in 1851, against the defendant, as the maker of a promissory note, dated in 1841, and payable on demand. The complaint contained only the ordinary averments, alleging the execution and terms of the note, and a demand and refusal of payment. The defendant pleaded payment and the statute of limitations. The plaintiff replied, denying payment, and averring that the cause of action did accrue within six years.

On the trial the plaintiff proved that in September, 1848, two months after the Code of Procedure went into operation, the note was presented to the defendant, who thereupon made a verbal promise to pay it. This testimony was admitted under exception. The questions were, first, whether the evidence, if competent to charge the defendant at all, was admissible under the pleadings; and secondly, whether the Code of 1848, which required that a new promise must be in writing, to restore a right of action barred by the statute of limitations, applied to this case.

The cause was tried by the court without a jury, at a special term, held in April, 1852, when the following opinion was delivered:

Ingraham, First J.—This action is on a promissory note, payable on demand, dated 29th June, 1841.

The defendant answers that the action did not accrue within six years, and also avers payment; and the plaintiff replies that the action did accrue within six years, and denies payment.

Under the pleadings, proof of a new promise sustains the

issue. It is not necessary that the plaintiff should reply a new promise. The allegation that the action did not accrue within six years is denied by the reply, and proof of the promise sustains the plaintiff's averment. Such was the law before the Code, and it is not changed. (17 J. R. 330; 9 Wend. 306; Chitty on Contracts, 656.)

The other question in this case is, whether the new promise, on which the plaintiff relies, must be in writing, under the 110th section of the Code. This promise was made in September, 1848. At that time the claim was barred by the statute of limitations.

The Supreme Court have decided ( *Wordsworth* v. *Thomas*, 7 Barb. S. C. Rep. 445) that the provisions of the Code apply to a case where the new promise is made after the debt was barred by the statute, and after the Code took effect, and that in such a case the new promise must be in writing.

After giving that case all the consideration which a decision of the general term of the Supreme Court is always entitled to, I am constrained to adopt a different conclusion.

As this promise was made in 1848, it must be governed by the Code as it then existed, if applicable at all. By the 90th section it was provided, that when the time for commencing an action shall have expired, the cause of action shall not be deemed revived by a new promise, unless the same be in writing, &c.

The promise in this case clearly is not in writing, within this section, and if the Code is applicable to this case, the defendant is entitled to judgment. The promise was made after the Code took effect, and the plaintiff's claim was previously barred by the statute. The only question, therefore, is, whether any portion of this title, in the Code of 1848, is applicable to this case. The 66th section says, the title shall not extend to actions already commenced, or to cases where the right of action has already accrued. The right of action and the cause of action are used throughout this title as synonymous terms, and mean the same thing, viz., the subject

matter of the action on which the plaintiff seeks to recover. In this case it is the defendant's note. This is set out in the complaint, and it is on this he must rely for his recovery. The promise to pay is merely evidence by which the plaintiff seeks to establish that his original cause of action is still in force and valid. The right or cause of action, then, existed before the Code, subject to be defeated by a plea of the statute of limitations, which the plaintiff could obviate by proof of a subsequent promise, and in such case the plaintiff would recover the amount of the original note, with interest. To adopt the view that the 90th section is applicable to a case of this kind, will render it necessary, also, to say that the whole title applies to all cases where the debt has once been barred by the statute, because the exception in the 66th section is the only one that prevents any part of this title from applying to previously existing claims; and then we might have a case of a claim originally barred by one statute, renewed by a new promise in writing, which is to be governed by the limitations in a subsequent statute. I think, also, this view is strengthened by the fact that in all amendments of the statute of limitations, the legislature has uniformly excepted previously existing rights from being affected by such alterations.

My impressions are, that the plaintiff is entitled to judgment; but as this is a proper case to be reviewed by the general term, I direct that the appeal may be made without security, and to enable the defendant to do so, the plaintiff's proceedings after judgment are stayed ten days.

Judgment is ordered for the plaintiff for $210 03.

From the judgment entered upon the above decision, the defendant appealed.

*Janes L. Phelps*, Jr., for the defendant, cited *Wenman* v. *The Mohawk Ins. Co.*, 13 Wend. 267; Code, §§ 110, 142; *Wadsworth* v. *Thomas*, 7 Barb. S. C. R. 445.

*George W. Stevens*, for the plaintiff, cited Blanshard on

Limitations, 145; (Law Library, vol. i. p. 75;) *Quantock* v. *England*, 5 Burr. 2,628; *McCormick* v. *Barnum*, 10 Wend. 104; *Van Rensselaer* v. *Livingston*, 12 Wend. 490; Revisers' Notes, 3 R. S., 2d ed., 704; 1 Chitty's Pl. [570–1]; *Sheppy* v. *Henderson*, 14 J. R. 178; *Livingston* v. *Ostrander*, 9 Wend. 306.

By THE COURT. DALY, J.—The construction given to the statute by the judge, in rendering judgment, is, I think, the true one; and I have nothing to add to the reasons he has assigned for not following *Wadsworth* v. *Thomas*, 7 Barb. 445.

The other point in the case is one of greater doubt. Before the Code, the law was well settled, that all that was necessary, when the defendant pleaded that the action had not accrued within six years, and the plaintiff relied upon a new promise, was to deny the plea generally and conclude to the country. (1 Chitty, 614, ed. of 1833; *Sheppy* v. *Henderson*, 14 Johns. 178.) The Code has materially changed the form of pleading; but I am not prepared to say that it was absolutely essential, in conformity to the new system, to set up the new promise in the replication. The replication has been entirely dispensed with by the recent amendments, and I think the office it was designed to fill, in bringing the parties to an issue, was affected by alleging that the action had accrued within six years. That cast upon the plaintiff the necessity of showing it, and he did so, by giving evidence of the new promise. Under the old system, the defendant had the right to rejoin, and, by a regular course of pleading, the parties could be brought to an issue upon the precise point, whether or not a new promise had been made. There would seem to be more reason, under such a system, for requiring the plaintiff to set up the new promise by his replication, than under one where the replication closes the issue, and there is no further pleading.

Judgment affirmed.