### ESSELSTYN *a.* WEEKS.

*Court of Appeals; September Term,* 1855.

PLEADING.—NEW PROMISE.—STATUTE OF LIMITATIONS.

Where, in an action on a promissory note brought under the Code of 1848, the defendant pleaded the Statute of Limitations, and the plaintiff replied merely denying the plea,—*Held,* that evidence of a new promise was admissible under the reply.

A promise made since the Code of 1848 took effect, to pay a debt which was barred by the Statute of Limitations in force previous to the Code, will not revive the cause of action unless such promise be in writing, subscribed by the party sought to be charged.

Appeal from a judgment of the New York Common Pleas.

This was an action upon a promissory note for $125.63 made by the defendant, and payable on demand to the plaintiff or bearer. The note was dated June 29, 1841. The action was not commenced until April 30, 1851.

The complaint averred the making of the note, setting out a copy of it, and its non-payment. The defendant answered, pleading the Statute of Limitations, and averring payment of the note in 1841. The plaintiff replied, averring that the cause of action accrued within six years, and denying the payment alleged in the answer.*

---

\* The pleadings in full were as follows :

COMPLAINT.

TITLE OF THE CAUSE.

The complaint of the above-named plaintiff respectfully shows to this court that the defendant, heretofore at Hudson, made and delivered to the plaintiff his certain promissory note in writing, in the words and figures following, to wit :—(setting out a copy of the note) ;—yet the defendant, although requested, has not paid the same.

Wherefore the plaintiff demands judgment, &c.

Esselstyn *a.* Weeks.

On the trial, which took place in 1852, before a judge of the Common Pleas without a jury, the plaintiff offered evidence of a promise to pay the note, made by the defendant to the agent of the plaintiff, in September, 1848. The defendant's counsel objected to the evidence, but the judge overruled the objection, and the counsel for defendant excepted.

The counsel for the defendant then moved for a dismissal of the complaint, on the ground that the evidence offered in behalf of plaintiff did not prove the issue on his part. The motion was denied and judgment rendered for the plaintiff.

The court held :—

*First,* That under the pleadings proof of a new promise would sustain the issue. It was not necessary that the plaintiff should reply a new promise. The allegation that the action did not accrue within six years was denied by the reply, and proof of the promise would sustain the plaintiff's averment.

---

#### ANSWER.

Title of the Cause.

The defendant, Hiland B. Weeks, answering the complaint of said plaintiff says, as to the said promissory note in said complaint mentioned, that the cause of action of the said plaintiff upon the said promissory note did not, nor did any part thereof accrue to the said plaintiff, within six years next before the commencement of this action.

And for a further answer to said complaint the defendant says, that after the making of the said promissory note in said complaint mentioned, and before the commencement of this action, to wit, in the year 1841, the said defendant paid to the said plaintiff the amount due on said promissory note in said complaint set forth.

Defendant further answering says, that he is not indebted to said plaintiff in the amount of said promissory note and interest on the same, as charged in said complaint.

Said defendant therefore prays judgment, &c.

#### REPLY.

Title of the Cause.

The plaintiff for and in reply to the answer of the defendant says, that the cause of action upon the said promissory note as set forth in the plaintiff's complaint herein, and every part thereof, did accrue to the plaintiff within six years next before the *commencement* of this action.

And the plaintiff further says that the defendant did not, at any time in the year 1841, or at any other time, pay to the plaintiff the amount due on the said promissory note, or any part thereof.

Esselstyn a Weeks.

Such was the law before the Code, (Shippey *v.* Henderson, 14 *Johns. R.*, 178; Livingston *v.* Ostrander, 9 *Wend.*, 306; *Chitty on Contracts*, 656), and it was not changed by the Code.

*Second*, That it was not necessary that a *written* promise should be proved, in order to remove the bar of the statute. The promise was indeed made after the Code of 1848 (which required a new promise to be in writing) took effect; and if that Code were applicable to the case, the defendant would have been entitled to judgment. Section 66 of the Code of 1848, provided that the provisions of the title relating to the times of commencing actions should not extend to cases where the right of action had already accrued. The right of action in the present case, was the defendant's note; the promise to pay being merely evidence to establish that the original cause of action was still valid. Therefore the right of action existed previous to the Code of 1848, and the case was saved from the operation of its provisions.

On appeal to the General Term, the judgment below was affirmed. The defendant now appealed to the Court of Appeals.

*Ralph Lockwood*, for appellant.—I. The proof of the new promise was not admissible. The issue was whether the right of action *had accrued* within six years; not whether the defendant *had promised* within six years. The old rule of pleading which authorized the plaintiff to declare upon the original promise barred by the statute, and then to recover upon a new promise, was an anomaly in pleading, and has been abrogated by the Code. The Code requires the plaintiff to state in his complaint the facts constituting the cause of action. No new promise was averred, either in the complaint or the reply. There was no issue upon that fact, and the testimony was therefore inadmissible.

II. The evidence, if admissible, was insufficient. The new promise proved was made in September, 1848, after the note was absolutely barred by the statute, and the right of action thereon was gone, and after the Code of 1848 had taken effect. The new promise should have been in writing, subscribed by

the defendant. (*Code* of 1848, § 90 ; Wadsworth *v.* Thomas, 7 *Barb.*, 445). The saving clause in section 66 of the Code of 1848 applies where a debt barred by the Statute had been revived by a verbal promise previous to the Code taking effect. The plaintiff here recovers, if at all, by virtue of the new promise, the note merely furnishing the consideration for such promise. It is the new promise which gives the right of action. At the time the Code took effect, there was no right of action. To say a right of action had accrued when none existed, is an absurdity.

*George W. Stevens*, for respondent.—I. The reply that the cause of action accrued within six years before the commencement of the suit, is supported by proof—a promise to pay within six years before the commencement of a suit (Shippey *v.* Henderson, 14 *Johns. R.*, 178 ; Livingston *v.* Ostrander, 9 *Wend.* 306).

II. The right of action upon the note set out in the complaint, accrued to the plaintiff prior to the passage of the Code of 1848, and the provisions of that act relative to the limitations of actions and the revival of causes of action barred by that act cannot apply retrospectively, so as to affect the plaintiff's right of action in this cause. (*Code of* 1848, §§ 66, 90; *Code of* 1849, §§ 73, 110 ; Quantock *v.* England, 5 *Burr.*, 26 ; Dash *v.* Van Kleeck, 7 *Johns. R.*, 501; McCormick *v.* Barnum, 10 *Wend.* 104; Huntington *v.* Brinkerhoff, *Ib.*, 278 ; The People *v.* The Supervisors of Columbia County, *Ib.*, 363 ; Van Rensselaer *v.* Livingston, 12 *Ib.*, 490 ; Fairbanks *v.* Wood, 17 *Ib.*, 329 ; Butler *v.* Palmer, 1 *Hill.*, 324 ; Johnson *v.* Burrell, 2 *Ib.*, 328; Millard *v.* Whitaker, 5 *Ib.*, 408).

GARDINER, CH. J.—Two questions are presented in this case. First, whether the pleadings will admit the evidence, if competent, to charge the defendant, and second, whether the Code of 1848, which requires a written promise, applies to the case.

I. As to the first question, the pleadings according to the former practice, would authorize the admission of the proposed evidence (Shippey *v.* Henderson, 14 *Johns. R.*, 178 ;

Livingston *v.* Ostrander, 9 *Wend.*, 306). The rule was estab-
lished in conformity with the earlier English decisions which
made the statute of limitations presumptive evidence of pay-
ment only, to be rebutted by any evidence tending to dis-
prove that fact, whether accompanied by promise or refusal
to pay. In this view of the facts necessary to avoid the bar
of the statute the new promise is only new evidence for that
purpose, and the recovery must be had on the original pro-
mise as the only cause of action. Modern decisions, particu-
larly in this country, regard the statute as interposing an
absolute bar to the original demand, and not merely creating
a presumption of payment; and it would undoubtedly be more
in conformity with the spirit of these adjudications to hold,
that the action must be founded on the new promise, the
original debt first furnishing the consideration necessary to
uphold it. But as the rule to which I have referred has long
been acted upon, and as substantial justice will be obtained
under either mode of pleading, I am inclined to acquiesce in
the judgment of the Common Pleas upon this point and to
consider the pleading sufficient notwithstanding the Code.

II. Is a written promise necessary to be proved to sustain
the action? The Code of 1848 which prescribed this, declares
that Title II. shall not extend to actions already commenced,
or to cases where the right of action has already accrued, but
the statutes now in force shall be applicable to such cases ac-
cording to the subject of the action, and without regard to
the form (*Code of* 1848, § 66; *Code of* 1851, § 73.) When
the Code took effect in 1848, the plaintiff had neither com-
menced a suit, nor had a right of action then accrued, if by
that is to be understood a right to recover anything upon the
promise stated in the complaint. A right of action barred by
lapse of time and the provision of the statute declaring that
no suit should be commenced thereon, is very different from a
right already accrued, which imports a perfect right recognized
by and which can be enforced at law. It is contended that
the phrase quoted refers to and includes a right of action
accruing on the maturity of the note, and is not limited to a
cause of action existing when the statute took effect. The
language is susceptible of this construction undoubtedly, but

Esselstyn *a.* Weeks.

in my opinion, the exception in this section, includes actions commenced, and actions which the plaintiff had a subsisting right to commence at the time when the enactment became a law. This includes every case in which the right of action was vested in or had accrued to the plaintiff when this part of the Code became operative, and no other ought to have been included.

The limitation established by the former act and by the Code, were precisely alike. The law was changed only in relation to the evidence by which the limitation could be avoided, or a new cause of action created, by the subsequent acts of the parties after the right which had originally accrued had been extinguished.

If this evidence existed when the Code took effect it was equivalent to a new contract and could not be altered by the legislature; they might as well have declared that an existing promissory note should be no evidence against the maker. Hence, all these cases in which the right of action had vested in the plaintiff were excepted. But it was entirely competent for the legislature to provide that contracts made after the passage of the law should all be evidence in the same manner; and was indeed necessary to the symmetry of the system they were about to establish. Whatever reason existed for providing that the promise should be in writing, whether to guard against fraud, false swearing or misapprehension, all would apply to evidence thereafter to be furnished by the plaintiff, whether this related to a demand then barred by the old statute, or which might subsequently be extinguished by operation of the new one. A provision for two distinct kinds of evidence for the same class of cases, would lead to confusion and reflect no credit upon the wisdom of our legislature. A subsequent section of this same title accordingly provides in the broadest language " That no acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take this case out of the operation of this title, unless the same be contained in some writing signed by the party to be charged thereby (*Code of* 1848, § 90, *Code of* 1851, § 110). The provision is wholly prospective. It reaches every case of an acknowledgment or promise thought to be made, while

section 73, declares in substance that such acknowledgment or promise, if theretofore made, or the right of action accruing therefrom shall remain as formerly, unaffected by the new rule of evidence established for future cases by that title. This was the conclusion reached by the Supreme Court in Wadsworth *v.* Thomas (7 *Barb.*, 445.) The judgment of the Common Pleas should be reversed on this ground.

Denio, Johnson, Marvin & Crippen, J. J., concurred in the foregoing opinion.