Gardiner, Ch. J.
Two questions are presented in this case: 1. Whether the pleadings will admit the evidence offered, if competent to charge the defendant; and 2. Whether the Code of 1848, which requires a written promise, applies to the case.
As to the first question, the pleadings, according to the former practice, would authorize the admission of the proposed evidence. (14 Johns. R., 178; 9 Wend., 306.) The rule was established in conformity with the earlier English decisions, which made the statute of limitations presumptive evidence of payment only, to be rebutted by any evidence tending to disprove that fact,, whether accompanied by a promise or refusal to pay. In their view of the law, the facts necessary to avoid the bar of the .statute were mere evidence for that purpose, and the recovery must be had upon the original promise as the only cause of action. Modern decisions, particularly in this country, regard the statute as interposing an absolute bar i ? the original demand, and not merely as creating a presumption of payment. And it would undoubtedly be more in conformity with the spirit of these adjudications to hold, that the action must be founded upon the new promise; the original debt or assumpsit furnishing, the consideration necessary to uphold it. But as the rule to which I have referred has long been acted upon, and as substantial justice will be attained under either mode of pleading; I am inclined to acquiesce in the judgment of the common pleas upon *638 this point, and to consider the pleadings sufficient notwithstanding the Code.
Second. Is a written promise necessary to be proved to sustain the action? The Code of 1848, which prescribed this, declares “that the title shall not extend to actions already commenced, or to cases where the- right of action has already accrued; but the statutes now in force shall be applicable to such cases, according to the subject of the action, and without regard to the form.” (Code of 1848, § 66; id., 1851, § 73.) When the Code took effect, in 1848, the plaintiff had neither commenced a suit nor had a right of action then accrued, if by that is to be understood a right to recover anything upon the promise stated in the complaint; a right of action barred by lapse of time and the provision of the statute declaring that no suit should be commenced thereon, is very different from a right “ already accrued,” which imports a perfected right, recognized by, and which can be enforced at law.
It is contended that the phrase quoted refers to and in eludes a right of action accruing- on the maturity of the note, and is not limited to a cause of action existing, when the statute took effect. The language is susceptible of this construction- undoubtedly; but in my opinion, the exception in this section includes “ actions commenced,” and actions which the plaintiff had a subsisting right to commence at the time when the enactment became a law. This includes every case in which the right of action was vested in or had accrued to the plaintiff when this part of the Code became operative) and no others. No others ought to have been included. The limitations established by the former act and by the Code were precisely "alike; The law was changed only in relation to the evidence by which the limitation could be avoided; or a: new cause of action created, by the subsequent acts of the parties, after the right which had originally accrued had been extinguished. If the evidence existed when the Code took eflect, it was equivalent *639 to a new contract, and could not be altered by the legislature. They might as well have declared that an existing promissory note should be no evidence against the maker. Hence, all those cases in which the right of action had vested in the plaintiff' were excepted. But it was entirely competent for the legislature to provide that contracts made after the passage of the law should all be evidenced in the same manner; and was, indeed, necessary to the symmetry of' the system they were about to establish. Whatever reasons existed for providing that the promise should be in writing, whether to guard against fraud, false swearing or misapprehension, all would apply to evidence thereafter to be furnished by the plaintiff, whether that related to a demand then barred by the old statute, or which might subsequently be extinguished by operation of the new one. A provision for two distinct kinds of evidence for the same class of cases would lead to confusion and reflect no credit upon the wisdom of our legislature. A subsequent section of this same title accordingly provides, in the broadest language, “that no acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this title, unless the same be contained in some writing, signed by the party to be charged thereby.” (Code of 1848, § 90; id., 1851, § 110.) The provision is wholly prospective. It reaches every case of an acknowledgment or promise thereafter to be made; while the 73d section declares in substance, that such acknowledgment or promise, if theretofore made, or the right of action accruing therefrom, shall remain as formerly, unaffected by the new rule of evidence established for future case's by that title. This was the conclusion reached by the supreme court in Wadsworth v. Thomas (7 Barb., 445).
The judgment of the common pleas should be reversed on this ground.
*640 Denio, Johnson, Marvin and Crippen, Js., concurred in the foregoing opinion.