By the Court. Bosworth, J.
The plaintiff seems to have tried this action on the theory, that the evidence given by the defendant was open to the objection, that its object was to contradict, by parol evidence, the clear terms of a written agreement.
The evidence, if admissible for any purpose, was admissible to establish the fact, that the executed contract was, by mistake, so drawn as not to express the contract as it had been actually agreed upon. Assuming that the pleadings were such as to authorize the reception of such evidence, there was none given except that of A. W. Smith.
He does not state what the parties said when he was instructed to draw the contract. He says the mortgage “ was given, to secure the balance of $2,250 capital.” He assumes' to state what “ the original real understanding was,” but on what facts or declarations of the parties that opinion is based, he does not state. That can not be said to be enough to justify the conclusion, that the written contract, which is clear and unambiguous in its terms, does not express the true meaning and intent of the parties.
*399 Whether the $2,250 was to be contributed as capital, or was to be paid for an undivided half of the stock, fixtures, and good-will, is a question to be ascertained. The contract says it was to be contributed as capital. That is higher and more satisfactory evidence than any thing contained in the evidence of Smith. The form and terms of the mortgage, with other evidence of what the parties to the contract said, at the time of concluding it, in connection with evidence of the practical construction given to it by their subsequent acts, might establish beyond doubt the fact of a mistake. No such declarations or subsequent acts are proved.
The testimony of Eagleson, much of that given by Hays, most of Johnson’s, and of Foster’s, and that of Hunter, was incompetent. It consisted either of declarations of the defendant, which could not be evidence in his own favor, or of declarations of the plaintiff’s agent, made subsequent to the transactions to which they related, and forming no part of the res gesta.
We think the allegations of the answer sufficient, to present the issue, whether the agreement was, by mistake, so drawn as not to express the actual agreement of the parties.
That it is advisable, that the order made should be set aside, and the whole action be referred to determine all the issues joined in it. If neither the $1,500 first paid or advanced by the plaintiff, nor the $1,500 of profits subsequently drawn out by the defendant, are charged to him on the books of the company, and if no credit to the plaintiff is found there, by reason of the $1,500 advanced, those facts, in connection with the mortgage and its terms, would be very strong evidence that the $2,250 was not to be advanced as capital, but was to be paid as the contract price for an undivided interest.
The order must be reversed, that, upon an application at Special Term, the whole issue may be referred.