All the other judges concurred, except WRIGHT, J., who did not vote.

Judgment reversed, and new trial ordered, costs to abide event.

---

## VAN ALEN *v.* FELTZ.

September, 1864.

[Reversing 32 *Barb.* 139; S. C. *Abb. Pr.*, 277.]

A written promise is not necessary in order to take out of the statute of limitations a demand which had accrued and had not been barred when the code of procedure took effect.*

Isaac J. Van Alen sued John S. Feltz in the supreme court on two judgments of a justice of the peace. The judgments were recovered, April 18, 1846, by Geo. W. and Gersham Bulkley (the amounts being respectively $101.15 and $76.15), and were duly assigned by them to Van Alen, the present plaintiff, on March 31, 1856; and on July 10, 1856, he commenced the present action

---

* Followed in Lansing *v.* Blain, 43 *N. Y.* 48. Otherwise, where the debt was barred before the adoption of the code ; McLaren *v.* McMartin, 36 *N. Y.* 88.

The only question was as to the application of the statute of limitations.

On the trial it was proved that in June, 1852, previous to the assignment to the plaintiff, and before the statute of limitations had run against the judgments, the defendant verbally promised the plaintiffs in the judgments, who were then the owners thereof, to pay them. The judge decided that, under section 110 of the code of procedure, requiring the new promise to be in writing, such promise did not take the case out of the operation of the statute, and that the plaintiff could not recover.

Judgment was given in favor of the defendant.

*The supreme court* at a general term (32 *Barb.* 139), affirmed the judgment, they holding that the meaning of section 73 of the code, in declaring that the title (*title* 2), relative to the time of commencing actions, should not extend to actions already commenced, or to "cases where the right of action had already accrued," was to except from the operation of the section (§ 110) requiring the new promise or acknowledgement to be in writing, only those cases where an action had been already commenced, or should thereafter be commenced, upon a then existing and effective cause of action, which should, of itself, and without the aid of any subsequent promise or acknowledgement, be sufficient to support the action. That where the statute of limitations had once attached, it was the new promise or acknowledgement which gave vitality to the cause of action, and formed the substance of the right of action prosecuted ; and that, therefore, when a promise or acknowledgement, made before the statute of limitations had run, but since the code of procedure took effect, was relied on as taking the case out of the statute, it must be in writing. From the judgment of the general term the plaintiff appealed to this court.

*J. K. Porter*, for plaintiff, appellant.

*J. H. Reynolds*, for defendant, respondent.

By THE COURT.—T. A. JOHNSON, J.—When the code went

Van Alen *v.* Feltz.

into operation, the right of action had already accrued upon both judgments, and the only question presented by the case, is, whether a written promise, in such a case, is necessary, to take the demand out of the operation of the statute. No question is made but that the promise would have been sufficient before the code of procedure. Section 110 of the code provides that "no acknowledgement, or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of *this title,* unless the same be contained in some writing signed by the party to be charged thereby." This is the last section of title two of the code, which relates to the time of commencing actions. The first section of this title (§ 73 of the code) contains this provision. "*This title* shall not extend to actions already commenced, or to cases where the right of action has already accrued, but the statutes now in force shall be applicable to such cases, according to the subject of the action, and without regard to the form." The right of action having accrued upon these judgments, when this title of the code became a law, such title did not extend to them, but left them to be governed by the law then in force. Such is the plain letter and reading of the provision, and I do not see that it is fairly susceptible of any different interpretation. It excludes a class of cases, embracing all upon which the right of action had already accrued. If the statute then in force had commenced running, all cases belonging to that class were left to the operation of such statute, and the provisions of title two of the code did not in any way affect them.

This precise point seems to have been decided by this court, in Winchell *v.* Hicks 18 *N. Y.,* 558, 566. In that case the note became due May 2, 1847, and the two sureties had by parol acknowledged the indebtedness at some time between that period and May 3, 1852; and one of the points ruled was, that the case did not come within the provisions of the code, and the debt might be revived or continued without any written promise or acknowledgment. The point was ruled in the same way in the case in the supreme court, 21 *Barb.,* 348, and the judgment was affirmed here. It had been previously decided, that where the statute had already run against a demand when

the code went into effect, such demand fell within the provisions of the code, and could only be revived by a written promise. That to exclude it, the cause of action must have been subsisting. Esselstyn *v.* Weeks, 12 *N. Y.* 635. The learned judge who delivered the opinion in the last case seems to have been of the opinion that section 73 of the code applied only to cases where a cause of action had previously accrued upon a new promise. But that was not the point involved or decided. The point ruled was, that the section did not apply to a case where the statute had already run, and the cause of action which had previously accrued, was no longer subsisting. That decision was undoubtedly correct, as the provision was manifestly intended to exclude only cases where the cause of action had not only accrued, but was then subsisting, and the statute in force still running. In Winchell *v.* Hicks, the cause of action had accrued, and was subsisting, when the code went into operation, and the parol promise was made afterward. It will be seen, therefore, that the precise question presented here, was involved in the latter case, and distinctly decided. The point is *res judicata*. But if it were an open question, I should have no hesitation in adopting the same conclusion. The language is too plain to admit of debate or doubt. "This title shall not extend to cases where the right of action has already accrued." To hold, in the face of this plain and unambiguous language, as we are asked by the respondent's counsel to do, that title 2 does extend to *all cases* where the right of action had already accrued when that title took affect, *excepting those only,* where such right had then been revived, or continued by a new promise, would require the exercise of legislative instead of judicial functions. It would be a sheer perversion of terms, to call such a determination, the construction or interpretation of a provision of the statutes. I am of the opinion, therefore, that the judgment is erroneous, and should be reversed, and a new trial granted, with costs to abide event.

All the judges concurred, except H. R. SELDEN, J., who was absent.

Judgment reversed and new trial ordered, costs to abide event.