## SUPREME COURT.

### WILLIAM M. CLINTON agt. JOHN EDDY.

It is not in " furtherance of justice," to allow a party, who has omitted to plead the statute of limitations in bar to a counter-claim, to serve a reply as an amended pleading, in order to avail himself of the statute.

When a party omits to plead the statute of limitations, and goes to trial without doing so, although the claim proved against him is clearly barred on its face, he will be deemed as having elected to stand upon the other defenses which he made to the demand on the trial, and will not be allowed to abjure such election.

Such an amendment after judgment does not come within the terms of either §173 or §174 of the Code, and would be a stretch of the power therein conferred upon the court.

*Tioga Special Term, February,* 1869.

MOTION by the plaintiff to open a judgment entered against him upon the report of a referee, and for leave to discontinue an appeal therefrom brought to the general term, and to serve a reply in the action, and for a re-hearing before the referee, &c. The facts are sufficiently set forth in the opinion of the court.

JAMES E. DEWEY, *for motion.*
E. COUNTRYMAN, *contra.*

PARKER, J. This action was brought to recover upon three several causes of action.

1. Damages for non-attendance of defendant as a witness for plaintiff in an action in this court in obedience to a subpoena.

2. To recover plaintiff's share of certain moneys belonging to plaintiff and defendant jointly, which it is alleged were paid over to defendant in the year 1854.

3. An account against defendant for board and tuition of defendants daughters at plaintiffs seminary.

The answer denies the material allegations in the complaint, and sets up the statute of limitations to the second cause of action. Also alleges that the plaintiff received defendants share of the moneys mentioned in the second cause of action, together with his own, and claims to recover of plaintiff in this action defendants said share of said moneys and interest. Also sets up other demands against the plaintiff as an offset—about which there seems to be no controversy.

No reply was put in by the plaintiff to any part of this answer.

The cause was referred and tried before the referee. On the trial the defendant raised the point that the claim made by him in his answer to recover his share of the moneys therein alleged to have been received by plaintiff, was a counter-claim, and not having been replied to, stood admitted upon the record. This view was controverted by the plaintiff, who insisted that it was not a counter-claim and required no reply. The referee decided that the defendant's claim did not stand admitted, and allowed both parties to give evidence upon, and litigate the question, whether the transaction in reference to said moneys was as claimed by the plaintiff in the second count of his complaint, or by defendant in his answer, in respect thereto.

The referee in regard to this question found upon the evidence in favor of defendant, and allowed him the benefit of his share of the said moneys so received by the plaintiff, being with interest the sum $75.38, which, with other moneys found due from the plaintiff to the defendant, over-balanced the plaintiff's demands as established upon the trial by the sum of $8.10, for which he ordered judgment for the defendant.

Judgment was thereupon perfected for defendant, October 1, 1868, and from this judgment the plaintiff on the 24th

day of November, 1868, perfected an appeal to the general term.

A motion is now made by the plaintiff for an order upon such terms as may be just, relieving the plaintiff from this judgment, and allowing a reply to be made to said claim of the defendant, thus allowed him as a counter-claim, and referring back the case to the referee to determine the same as though the reply had been put in by leave of the court when the question arose upon the trial as to the necessity of a reply, and allowing the testimony as far as taken, to stand in full force, and further relieving the plaintiff by allowing him to discontinue his said appeal.

The affidavits on the part of the plaintiff, state, that when the question was raised by the defendant upon the trial, whether or not, his claim to recover his share of the moneys in which plaintig and defendant were jointly interested, and which he alleged had been received by plaintiff, was a counter-claim requiring a reply ; plaintiff's counsel stated to the referee, that it should be held by the referee, that such claim was a counter-claim requiring a reply, he, the plaintiff, would move to be allowed to amend his pleadings and for leave to put in a reply ; and that the referee overruled the defendants objection to the plaintiff's going into proof upon the second count of his complaint and that a reply was unnecessary.

It is therefore insisted that the plaintiff was *misled* by the action of the referee in holding upon the trial that no reply was necesary, and yet in his decision giving the defendant the benefit of a demand as a counter-claim, which a reply of the statute of limitations would have prevented.

The defendant's affidavits—after to some extent contradicting the statement that the plaintiff's counsel declared to the referee their intention to move for leave to reply in case the referee held a reply necessary—go on to state that in submitting the case to the referee, the plaintiff's counsel insisted that defendant's claim for his share of the moneys re-

ceived by plaintiff as aforesaid, was barred by the statute of limitations, while defendant's counsel claimed that plaintiff could not avail himself of that statute without having pleaded it in a reply. That after the cause was submitted, the referee informed the counsel for both parties that he had concluded to find upon the facts in favor of the defendant, but was undecided upon the question of the statute of limitations, and would give both sides an opportunity to be heard on that question, by submitting briefs thereon. That the counsel on both sides, accordingly, did submit briefs on that point, and, as involved in the inquiry, upon the question whether defendant's said claim was a counter-claim.

The referee, after such arguments, held, as above intimated, that a reply of the statute was necessary in order to the plaintiffs' availing himself of it, and although the defendants claim had not accrued within six years before the commencement of the action, allowed it to him in the judgment given.

I think the allegation of the plaintiff, that he was misled by the action of the referee, is answered by the fact, that before the decision of the question as to the necessity of a reply, to give him the benefit of the statute of limitations, he was notified that the question was an open one and placed with respect to it in the same condition which he occupied before the evidence was closed. If, upon the trial, he was in a position to move for leave to put in a reply, he was still so, upon being informed by the referee that the question as to the necessity of a reply, was still open. Then, instead of conceding the necessity of a reply and taking steps to obtain leave to plead the statute, he denied such necessity and argued in support of his position before the referee. He does not stand in a position to allege that the action of the referee misled him, so that he was thereby *prevented* from applying for leave to reply, but rather in the position of resting upon the sufficiency of his pleadings,

Clinton agt. Eddy.

and deliberately submitted his case, with that distinct question to the decision of the referee.

It seems to me that it would be a stretch of the power of amendment to allow the one now asked for. It does not come within the terms of either § 173 or § 174 of the Code.

It is not a case, where the plaintiff has become surprised or misled after exercise of ordinary care and skill, nor do I think the amendment asked for, is clearly required in order to promote the ends of justice. (8 *How.*, 303 ; 6 *Bosw.*, 674.) Each party claimed of the other, before the referee, his share of the money in question, each alleging that the other had received the whole of it. This question was litigated by them before the referee *ad libitum*, and he found that the plaintiff had received the whole, and had not paid defendant his share. To allow the plaintiff now to come in, not as a right, but as a favor, and plead the statute of limitations against the allowance to defendant of what the referee finds justly due him, and in regard to which there is no pretence that it is not justly due him, does not seem to me to be "in furtherance of justice." It is to be remembered that the lapse of six years between the accruing of the cause of action and the commencement of the action, is not a bar to the action, unless the party against whom the cause of action exists, chooses to make it so. In suffering the action to go on without replying the statute, he is on this motion to be deemed as having elected to stand upon the other defenses which he made to the demand, on the trial, and should not now be allowed to abjure such election.

The only proper mode of attacking the judgment is by the appeal which he has taken.

The motion should be denied with $10 costs.

Motion denied.