By the Court.*—Monell, J.
The assignment, which has been found to have been fraudulent as to creditors, was mdde in September, 1853, and this action was commenced about fourteen years thereafter. One of the defenses is, that the right of action did not accrue within six years next preceding the commencement of the action, and the question arising *11 thereupon, as to which party the onus is upon of removing the statute bar, depends upon the construction of the sixth subdivision of section 91, of the Code, which is as follows: . . . “the cause of action not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud V
The rule which, previous to the adoption of the Revised Statutes, prevailed in equity, that a party was not to be affected by lapse of time, unless he had discovered the fraud, was substantially enacted in section 51, which provided, that bills for relief on that ground should be filed within six years after the discovering of the facts constituting the fraud (2 Rev. Stat., 301, 51).
Under the rule as it had previously prevailed, as well as under the statute after .its passage, it was necessary to allege in the bill, such facts as were re-, quired to repel the presumption arising from the lapse of time; and where the fraud was committed more than, six years before suit brought, it was necessary to allege and prove that the discovery of it was within six years (Miller’s Heirs v. McIntyre, 6 Pet., 61; Moore v. Green, 19 How. U. S., 69; Bertrine v. Varian, 1 Edw. Ch., 343.)
In the application of this rule, there was no difference between courts of equity and of law, when the remedies were concurrent; the former courts adopting the statute as to the time of limitation, but fixing the period when it should be deemed to commence to run, upon principles applicable solely to courts of equity.
It is not doubted that under the Revised Statutes, in actions of this nature, it was required of a plaintiff, to allege and prove the discovery of the fraud,- within six years before suit. In other words, the onus was upon him of repelling the presumption arising from the lapse of time ; and it only remains to be seen whether *12 any provisions of the Code have changed the rule, and, therefore shifted the burden of proof.
One of the essential changes effected by the Code, was in assimilating the forms of pleading to the rules which had previously prevailed in courts of equity. Hence it is required that pleadings shall contain a statement of facts constituting the cause of action or defense. All fiction and mere form allowed in common law actions, was disallowed -by the Code, and a single system adopted, applicable to all pleading. But it was not, as I think, intended to effect any change in actions or defenses, except in the mode of stating them; nor any change in the rules or nature of evidence.
Since, as well as before the Code, the complaint may be upon the original demand (Esselstyn v. Weeks, 12 N. Y., 635), and under both systems, the statute bar must be specially pleaded (Young v. Rummell, 2 Hill, 478; Code, § 74), in one case the rules of pleading requiring it, and in the other 'the rule is made a part of the statute law. After pleading the statute bar, the plaintiff can give evidence in avoidance, it seems, without specially replying to the new matter (Esselstyn v. Weeks, sup.).
In pleading the statute, it is sufficient to allege in the answer, that the cause of action did not accrue within the prescribed limit, when, ordinarily, the plaintiff must show an avoidance. But it is said that this applies only to cases where it appears by the complaint that the statute has attached, and not to a case where the statute begins to run, not from the time the fraud was committed, but from-the time of its discovery. One answer to this, is, that the fraud is the cause of action, and the action relates to the time the fraud was committed. The non-discovery suspends^ the running of the statute, and avoids or repels the presumption which arises from the lapse of time, and revives or restores the original 'cause of action, which otherwise *13 would be barred by the statute. So that a fraud, committed more than six years before suit, would actually, and not merely presumptively, be barred, unless a suspension of the statute time was shown. Another answer is, that the Code has changed so much of the previous rule of equity pleading, as required the plaintiff, by his bill, to allege matters in avoidance, where the statute bar had presumptively attached. As has been seen, the section of- the Revised Statutes and of the Code, are essentially similar, and the former was prepared, as the reporters say (5 Edm. Rev. Stat., 695, Reporter’s Note to § 51), “adopting the principle and language of the case in 20 Johns., 585, in the court of errors.” If, therefore, we were to follow the rule of equity pleading, it would be incumbent upon a plaintiff to repel the presumption arising from the lapse of time, by averring that the discovery of the fraud was within six years before suit. But I think the legislature, in uniting the equity and common law systems, intended to make applicable the same rules, whether the action was of an equitable or legal nature, and thus make a uniform system. Hence, the rule, which at law, required the statute of limitations to be specially pleaded, was enacted in the Code, and made applicable equally and alike to both kinds of relief, and changed the rule of equity pleading, by allowing the complaint to be upon the original demand, and requiring the statute bar to be specially set up as a defense.
This adaptation or blending of the rules of law and equity, relates only to the manner of forming the issues, and does not affect the rules of evidence, as they had previously existed ; and it is therefore conceded, that where the complaint shows the cause of action accrued more than the prescribed number of years before suit, and the statute bar is pleaded, the plaintiff must show matter in avoidance ; but it is claimed that where such fact does not appear by the *14 complaint, the rule is otherwise. It nowhere appears that the legislature designed to distinguish an action for fraud, from any other action ; or that it was intended to except such action from rules applicable to all other actions. Hence, matter to show a suspension of the time which otherwise would raise a bar, need not be averred in the complaint; but, as in other actions, must be specially pleaded, and then leaves, as I think, the burdens of proof precisely where they are left in all other cases (Sands v. St. John, 36 Barb. 623; S. C., 23 How. Pr., 140; Clinton v. Eddy, 54 Barb., 54; S. C., 37 How. Pr., 23). As in the case of an absent debtor, the cause of action accrues at the maturity of the debt, but the statute is suspended during the absence; and, to a plea of the statute, it lies with 'the plaintiff to show the absence. So in case of a fraud, the action accrues, when the fraud was committed, but the statute is suspended until discovery, and it must follow that the plaintiff holds the affirmative of showing the matter on which the suspension rests.
Even if the cause of action accrued upon the discovery of the fraud, and not upon its perpetration, no allegation in respect to time would be necessary in the complaint; and even if it appeared to have been discovered more than six years previously, the complaint would not be demurrable. Judge Grover says, in Gates v. Andrews, (37 N. Y., 657), “that the provision is to prevent' the running of the statute until discovery, and is not to be deemed as creating a cause of action from that time.”
The cause of action in the case at bar, was a fraud committed more than thirteen years before suit. Ho other or different cause is alleged in' the complaint. The Code declares that civil actions can only be commenced within the prescribed periods (for fraud, within six years Horn its discovery), but the time of the discovery need not be stated, and the statute bar, if it *15 exists, must be set up by answer. The cause of action is perfect, notwithstanding more than six years have passed since the fraud was committed; and if the statute is not set up as a defense, the action will prevail. Therefore, as Judge Grover says (Gates v. Andrews, sup.), the statute has merely provided, “fora class of cases where the right of action was perfect, but became barred by the statute before the discovery of the facts upon which such right depended.”
It cannot, it seems to me, make any difference whether the complaint shows the cause of action outlawed or otherwise. In either case the objection must be taken by answer.
Take the ordinary case of a cause of action appearing by the complaint to be barred by the statute. The defendant cannot demur, but must set up the statute by answer. The burden then rests upon the plaintiff to show matter which arrested the running of the statute. This is conceded. But wherein does it differ from the case at bar. The complaint alleges a cause of action as having accrued more than six years previously, and the defendant, by answer, avers that the right of action dA-d not accrue to the plaintiff within six years. Must not the plaintiff then show that the discovery of the fraud was within six years, and, therefore, that the running of the statute was suspended until • such discovery % In analogy to previous rules in equity it appears to me, it is so ; for it will be seen that subd. 6 of section 91 limits the relief to the class of actions which were solely cognizable in the court of chancery (Foot v. Farrington, 41 N. Y., 164), from which it may be fairly inferred, that the legislature did not intend to essentially change the burden of proof as it existed in that court, nor do anything more than to require the objection to be taken by answer, and have left the previous rules of evidence undisturbed.
I am of opinion, therefore, that it was incumbent *16 upon the plaintiff to show that six years had not elapsed since he discovered the facts constituting the fraud, and having failed to do so, the judgment.is erroneous. To cast the burden on the other side, would be to require the defendant to prove knowledge in the plaintiff, a duty which in most cases is impossible of performance; while placing the burden on the plaintiff, is putting it where the proof can easily be furnished, and is more consistent with -the reason of the rule, which, as I think, puts its there. The case of Erickson v. Quinn, 3 Lans., 299, accords fully with the views I entertain and have herein expressed.
The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.
Curtis, J., concurred.
Freedman, J., dissented.

 Present—Monell, Freedman and Curtis, JJ.