By the Court.*—Tappen, J.
The plaintiff’s action was for money had and received. The defendant pleaded a counter-claim for services exceeding in value plaintiff’s demand, and the plaintiff put in a reply in which he did not set up the statute of limitations as to the counter-claim. At the trial it appeared that certain of the services were rendered by defendant more than six years before the bringing of the action, and the referee held them barred, and that the reply did not need to set up the statute; and this is the chief question to be considered.
The point was presented in Clinton v. Eddy, 54 Barb., 54, where plaintiff had neglected to put in any reply, or to set up the statute of limitations against a counter-claim, and where, on a trial of the case before a referee, the plaintiff also argued against the necessity of such a plea, and omitted to move to amend. After judgment, the plaintiff moved to open judgment and for leave to reply, &c., which was denied.
Where the counter-claim constitutes a cause of action against a party, the lapse of time is not a bar unless the party chooses to make it so, and pleads it.
A counter-claim is in the nature of a cross action on which defendant may have affirmative relief against the plaintiff (Fettrech v. McKay, 11 Abb. Pr. N.S., 453; *13 S.C., 47 N. Y., 427). By section 153 of the Code it is provided that the plaintiff’s reply to new matter may be by general or specific denial thereof, and he may set up any new matter constituting a defense to the new matter in the answer. The plaintiff in this case omitted in his reply to frame his pleading according to these provisions. His counsel now asks the court at general term to cause the pleading to be amended in accordance with the practice sometimes followed in other cases cited in the brief.
In the case above cited in 54 Barb., the court held such relief improper; particularly where, as here, the plaintiff refused or neglected to meet the question of amendment at the trial, and it is therefore no case of surprise or inadvertence.
The judgment will be reversed and new trial ordered at circuit.
Costs to abide event.

 Present, Barnard, Gilbert and Tapper, JJ.