# HOPKINS *vs.* WARD.

A new promise is sufficient to take a debt away from the effect of an antecedent discharge in bankruptcy.

A complaint, after setting out a complete cause of action upon a promissory note, stated, as a second cause of action, the making of a promissory note to the plaintiff, by the defendant, dated March 20, 1871, for $300, for money loaned, payable sixty days after date, with interest, on which there was justly due, on the 1st of June, 1875, the sum of $300 and interest, "less payments;" that in consideration thereof, the defendant, on that day, unconditionally promised the plaintiff to pay him the said sum of $300, less a payment made May 13, 1872; and alleged as a breach, the non-payment of the balance of said amount. The defendant's answer contained no denial of the allegations of the complaint, but set up his discharge in bankruptcy,

granted Dec. 1, 1874. *Held*, that the allegations of the complaint, being
material to the plaintiff's cause of action, and not denied by the answer,
they must be taken as true.

*Held*, also, that the new promise, set forth in the complaint and made the
foundation of the plaintiff's right to recover, being stated, and proved, to
have been made after the defendant was discharged in bankruptcy, the right
of recovery thereon was made out.

A promise to pay a debt barred by a certificate of discharge in bankruptcy
becomes a new contract, and may be stated as the foundation of the action.

MOTION for a new trial, on the minutes, after a trial
before the court and a jury.

After proof, by the plaintiff, of the balance remaining
unpaid upon the account set out in the complaint, and
by the defendant, of his discharge in bankruptcy, the
court, upon the plaintiff's motion, directed a verdict for
the plaintiff for said balance, $239.94, April 26, 1876.
The defendant claimed to have the burden of proof, and
the claim was allowed to him.

After the verdict for the plaintiff was directed, the
defendant made a motion for a new trial, upon the
minutes. After argument of that motion, the court re-
served its decision.

*Chas. J. Everett*, for the plaintiff.

*E. E. Sheldon*, for the defendant.

HARDIN, J.   The complaint sets out a complete cause
of action, upon a promissory note, and gives a copy of
the note.   The complaint then, secondly, states that in
June, 1875, the plaintiff was the owner and holder of a
promissory note, dated March 20, 1871, for $300, made
and executed by the defendant, " the consideration of
which was $300 loaned and advanced by said plaintiff to
said defendant at that time, and by which the said de-
fendant promised to pay, sixty days after date, the said
sum of $300 and interest, on which there was due and
owing, on the said 1st day of June, 1875, the sum of

$300 and interest," less payments; and "the said defendant, being so indebted to the said plaintiff, as aforesaid, and in consideration thereof, then and there *unconditionally* undertook and promised the said plaintiff to pay him the said sum of $300, less a payment made May 13, 1872." And it also avers that "the defendant neglects and refuses to pay the *balance* of said amount, and there is justly due thereon the said sum of $300 and interest, less the payments."   *   *

The defendant's answer contains no denial of the complaint, but it does contain an averment of a discharge in bankruptcy, granted Dec. 1, 1874; and that discharge was proven by the defendant.

It will be observed that the new promise is averred to have been made after the discharge, to wit, June 1, 1875.

It is conceded that a new promise is sufficient to take a debt away from the effect of an antecedent discharge in bankruptcy. (5 *Duer*, 299.)

It is provided by section 168 of the Code that "Every material allegation of the complaint not controverted by the answer * * shall, for the purposes of the action, *be taken as true.*" The loan of the money is admitted; the giving of the note as the evidence thereof; the non-payment; that there is a balance justly due thereon to the plaintiff from the defendant; and that a promise to pay said loan was made June 1, 1875, are averred; and there is no denial of these averments. And if they are material to the plaintiff's cause of action, they must be taken *as true*.

It has been held, since the Code, that an action may be brought on the old demand, when the statute of limitations has run, and if the defence be interposed, the new promise may be given in evidence, to take the debt out of the statute. (*Philips* v. *Peters*, 21 *Barb.*, 351.) And the same doctrine is stated in *Esselstyn* v. *Weeks*, (12 *N. Y.*, 635.) See, also, 3 *Wend.*, 139, 189; 8 *N. Y.*, 308.

Hopkins *v.* Ward.

But a promise to pay a debt barred by a certificate of discharge in bankruptcy becomes a new contract, and may be stated as the foundation of the action. (*Henry* v. *Root,* 33 *N. Y.,* 537, *and cases cited.*) Lord Mansfield says : "Where there has been a new promise, after the discharge, the bankrupt is liable on a new contract." (*Doug.,* 192.) And in *Trueman* v. *Fenton* (*Cowp.,* 544,) it is called "a new undertaking and agreement." In *Stearns* v. *Tappin* (5 *Duer,* 295,) OAKLEY, J., says the same.

The new promise was stated in the complaint. It was made the foundation of the plaintiff's right to recover; and as it was stated to have been made after the defendant was discharged in bankruptcy, as he proves, the right of recovery was made out.

The defendant, by his answer and proof, supplied the fact which rendered the allegation of the new promise of the defendant a material fact; and as the defendant did not deny the new promise, he must abide the effect of it upon his loan of money from the plaintiff. If the defendant had made a denial of the new promise, in his answer, he would have driven the plaintiff to the proof of the promise.

Upon the facts alleged and proven, it is equitable and just that "the balance admitted to be *justly due from the defendant*" should be paid.

For the reasons above stated, the motion for a new trial, on the minutes must be denied, with $10 costs.

Motion denied.

[HERIMER CIRCUIT AND SPECIAL TERM, April, 1876. *Hardin,* Justice.]