VAN RENSSELAER vs. LIVINGSTON.

The statute requiring a *written acknowledgment* of a right of action to rebut the presumption of payment, arising after the lapse of twenty years upon a sealed instrument for the payment of money, is *prospective*, and not retrospective.

Admitting the contract, and declaring an intention to apply for an abatement of interest, is sufficient to rebut the presumption of payment, although accompanied by expressions showing an unwillingness to pay.

THIS was an action of *covenant*, tried at the St. Lawrence circuit in February, 1832, before the Hon. ESEK COWEN, one of the circuit judges.

The suit was brought upon articles of agreement bearing date 29th October, 1804, whereby the plaintiff engaged to convey to the defendant 66 acres of land, situate in the county of St. Lawrence, on the defendant paying to him $206,25 with interest; the money to be paid in four annual instalments, the first to be paid on 1st August, 1805. The defendant pleaded *non est factum* and *payment*. The execution of the contract was proved, and to rebut the presumption of payment, a witness testified that about *ten years* previous to the trial, the contract was shown to the defendant, which he recognized, but said it had run so long, and so much interest had accumulated upon it, that he did not wish to make payment upon it; he intended to see the plaintiff, and get some deduction; he thought the plaintiff would abate part of the interest

The defendant objected to this proof, insisting that an acknowledgment of the cause of action was unavailing, unless *in writing*. The objection was overruled by the judge, and the plaintiff had a verdict, which the defendant now moved to set aside.

*S. Stevens*, for the defendant.

*J. A. Spencer*, for the plaintiff.

*By the Court*, SUTHERLAND, J. The question in this case is whether the provision of the revised statutes which requires *a written acknowledgment*, to repel the presumption of payment of a sealed instrument, after the expiration of 20 years, applies to pre-existing demands, or whether it is prospective only. The language of the section is clearly prospective. 2 R. S. 301, § 48. It is as follows: " After the expiration of twenty years from the time a right of action *shall accrue* upon any sealed instrument for the payment of money, such right shall be presumed to have been extinguished by payment; but such presumption may be repelled by proof of payment of some part, *or by proof of a written acknowledgment of such right of action* within that period." Before the passage of this act, a verbal acknowledgment or recognition of the debt was sufficient; and where such acknowledgment had been made, the party had a right to repose upon it, and continue his indulgence to his debtor. To apply this statute to such a case would be grossly unjust: such never could have been the intention of the legislature. It would in such a case, be a direct infringement of a vested right, and not a mere modification of the remedy. 4 Wendell, 206. 10 id. 363.

The acknowledgment of the defendant was abundantly sufficient to rebut the presumption of payment. He admitted it to be an existing debt, and expressed his intention to apply to the plaintiff for an abatement of interest. Less is required in such a case than would be necessary to take a case out of the statute of limitations.

New trial denied.