By the Court,

Nelson, Ch. J.
An action of debt upon a justice’s judgment was considered not within the old statute of limitations, and therefore might be commenced at any time within twenty years after the rendition of the judgment (14 Johns. R. 479; 16 id. 233). By the revised statutes', it is enacted, that, “ all actions upon judgments rendered in any court not being a court of record,” shall be commenced within six years next after the cause of action accrued, and not after (2 R. S. 295, art. 2; § 18). Two questions arise here: 1. Do the revised statutes apply to this case; and 2. If they do apply , is the plaintiff barred by lapse of time ?
It is clear that the revised statutes do not apply to this case. It is expressly declared, that the provisions of the first, second, third and fourth articles of the second title of the 4th chapter, shall not apply to any cases where the right of action shall have accrued before the time when the chapter takes effect as a law, “but the same shall remain subject to the laws now in force ” (2 R. S. 300, § 45; see also 10 Wendell. 278). The principle recognized in The People v. Supervisor of Columbia (10 id. 363), supposed by the defendant’s counsel to favor his client, is inapplicable here, on account of the provisions of §45, above referred to. The remarks of Chief Justice Savage, that the revised statutes apply the limitation to actions or causes of action, accruing or existing subsequent to their taking effect, and apply to existing demands, as if they had accrued at the time when the statute commenced its operation, were made in reference to the prospective operation of a statute. He was speaking of the enactment, whereby the same limitation was applied to the people as to individuals (2 R. S. 297, § 28), and which had not [331] before existed. Of the same character are the observations of the same learned judge, in Sayre v. Wisner (8 Wendell, 661). At all events, nothing can be more explicit than the terms of § 45, by which all cases, where the right of action had accrued before the time when the statute took effect, are declared to remain subject to the laws in force at the time of its enactment.
Even if the statute were deemed to apply to this caseas an existing demand when the statute went into operation according to what was said in the above cases, in 8 and 10 Wendell, I should be inclined to hold that the plaintiff was not barred by the lapse of time; that the day on which the revised statutes took effect, ought to be excluded in the calculation of the six years, and consequently that the statute had not attached at the time of the commencement of the suit (2 Cowen, 518, and Id. 606, note.)
Judgment reversed, and venire de novj.