By the Court,

Cowen, J.
The scire facias was not barred by the statute of limitations. (Fairbanks v. Wood, 17 *239 Wend. 329.) The marginal note to this case is wrong, in supposing that the statute may operate after 1830, on a justice’s judgment rendered before, even though the suit be not brought till more than six years after 1830.(a) The 2 R. iS. 478, 2d ed. § 3, fixes a limitation of ten years on scire facias in courts of record only. The 2 id. 177, § 129, was not intended to render- such limitation applicable to transcribed judgments in a justice’s court. They are left to id. 224, § 18, sub. 2.
The only remaining question is, whether the 2 R. S. 177, 2d ed. § 129, giving a scire facias in this case, applies to a judgment rendered before it passed.(b) This statute is, that “ every judgment of which a transcript shall be filed and docketed as herein directed, may be revived by scire facias, in the court of common pleas of the county, in the same manner, in like cases, and with the same effect as if such judgment had been obtained in that court.” It is a general rule that a statute affecting rights and liabilities, should not be so construed as to act upon those already existing. To give it that effect, the statute should in terms declare an intention so to act.(c) Here it does not; but the language is prospective—“ Every judgment of which a transcript shall be filed,” &c. We think a scire facias would not lie.
Judgment reversed.

 By the revised statutes it is enacted, that all actions upon judgments rendered in any court not being a court of record, shall be commenced within six years next after the cause of action accrued, and not after. (2 R. S. 2d ed. 224, § 18.) In Fairbanks v. Wood, (17 Wend. 329,) it was held, that this provision had no application whatever to justices’ judgments rendered before 1830, and hence, actions upon such judgments may yet be brought at any time within twenty years after their rendition. (See id. 330, per Nelson, Ch. J. and the cases there cited.)

 The justices’ acts of 1818 and 1824, authorized the filing of transcripts and docketing of judgments to make them liens on real estate, but contained no provision for reviving them by scire facias or in any other manner. (See Laws of 1818, pp. 80, 81, § 9, and Laws of 1824, p. 290, § 20.)

 See Butler v. Palmer, (1 Hill, 325.)