Mr. Justice Scott delivered the opinion of the court. The demurrer interposed by the defendant not only tests the sufficiency of the several replications but the plea itself. Then were five years a bar to this action, commenced as it was on the 12th of April, 1847, seeking a recovery in debt on a promisory note under seal payable the 4th of October, 1841? Here was a subsisting cause of action at the time of the passage of the act of limitations, approved the 14th December, 1844, and the question is distinctly presented whether that act or the act of the 20th March, 1839, is to govern this case, and if the latter, whether or not, under its provisions, five years is a bar to an action on a sealed instrument like this. In the case of Couch vs. McKee, 1 Eng. 484, the leading doctrine involved in the enquiry before us was first declared by this court. It is true that, in that case, the decision of the court seems more emphatically to rest upon another doctrine, that is to say, tbat when a bar to a cause of action has arisen by the efflux of time, it cannot be removed otherwise than by some act of the party in whose favor it has arisen, upon the ground that legal rights have intervened on the laches of the other side and vested in him; growing out oí a law that, while it has barred the remedy, has raised the legal presumption in his favor as conclusive of satisfaction as the bond, for instance, was of indebtedness before the completion of the bar, which seems to be based upon principles that have long since been applied to real estate, more recently to personal property, and finally to debts, by the courts of Alabama and Mississippi. Wheeler’s Law of Slavery 74 to 86. Ib. 95. 8 Porter 88 to 95. 5 Ala. Rep. (N. S.) 513. Shelly vs. Gray, 11 Wheat. 361. Not that statutes of limitation extinguish the right, or that they give to the party, in whose favor they have run, a title to personal property which may be asserted not only in another state (11 Wheat. 361) but in an action of detinue against the original owner, as was done in Newly ad. vs. Blakey, 3 H. & Mun. 57, but simply that they have barred the remedy, “ statutes of limitations being a law oí presumptions” in the language of Judge Haywood, in Lessee vs. Shall, Peck. R. 215, “ presuming evidence from length of time which cannot now be produced, payments which cannot now be proven, deeds which cannot now be found, releases which cannot now be shown,” creating a defence to an action as effectual as a payment, and evidence of a satisfaction even more conclusive than a receipt would be of a payment. But although, as we have remarked, the decision of the case of Couch vs. McKee more emphatically rested on this doctrine, nevertheless it was distinctly announced in that case that the act of December 14, 1844, was prospective and designed to apply to causes of action thereafter accruing. Afterwards, during the same term, in the case of Hawkins vs. Campbell, 1 Eng. 513, not only was this repeated, but the court went further, (although if they had chosen to do so they might with propriety have rested the case on the doctrine insisted on in Couch vs. McKee) and distinctly rested this case on the broader doctrine that had been but imperfectly announced in the first case, that is to say, that the language employed in the act being prospective .pud referring “to causes of action which shall accrue,” that the act in “no case had direct reference to causes of action which had accrued at the time of its passage.” And inasmuch as neither the 6th section, nor any other part of the 91st chapter of the Revised Statutes other than the 20th, 30th, and 31st sections, was repealed by express language, and if any further portion of this chapter was repealed it could only be so held from its conflict with the provisions of the act of 1844, and as the 6th section of the old law did not conflict with the provisions of this act so far as causes of action might be concerned that had accrued previously to the passage of the act of 1844, it (the 6th section) was for that reason held not to be repealed, and that inasmuch as that section was not repealed nor for the same reason any other portion of the old law except the 20th, 30th, and 31st sections, none being in conflict with the new law in the sense indicated, and the new law being clearly prospective, all causes of action existing at the time of the passage of the act of 1844, were to be governed by so much of the old law as had been thus declared to be in force and exclusively applicable to them, while causes of action accruing after the passage of the new act were to be governed by that act. This exposition of the law was predicated upon no supposed connexion, remote or proximate between the contract and the act of limitation in force at the time of its inception, as in any sense that the prescription then in force entered into or became one of the stipulations of the contract; on the contrary, it was the result of pure construction after an exploration into the intention of the legislature. The court, taking as a leading guide in this exploration in aid of construction the presumption that all laws are prospective and not retrospective, and resting there ultimate opinion in this light mainly on the prospective language of the statute and tjie dubious meaning of its repealing section in reference to laws in force at the time of its passage. If the result Was, that two different laws were declared to be in force, operating respectively on canses of action identical in all but the date of their accrual, this was not an unheard of anomaly in jurisprudence: on the contrary, it was not at all uncommon in England, not only in the law of rights, but in the law of remedies, incident indeed, in every country, to changes of rule, and especially of frequent occurrence in this country in both aspects as the necessary result of frequent changes in the law rendered indispensable by our onward progress. If in New York the identical state of things existed in reference to their statutes of limitations in consequence of the express provision of the 45th section of their then new Revised Statutes, (The People vs. Supervisors of Columbia co., 10 Wend. 364. Fairbank vs. Wood, 17 Wend. 329,) this will at least tend in some degree to vindicate this construction of our law from alleged injustice and partiality by showing the express legislative sanction of its principle by an enlightened State. While the case of Bigelow’s ex. vs. Bigelow ad., 6 Ohio Rep. 97, showing the same state of things as to the acts of limitations in that State will not only vindicate the construction of this court in the same aspect, but also in the aspect of correctness of exposition, as in that case the Supreme Court of Ohio arrived at the identical same conclusion that this court did, alone upon the basis of the uncertain and dubious character of the repealing clause of their new statute of limitations. The next case that arose in this court was the case of Davis ex. use of McGuire vs. Sullivan, 2 Eng. 449, where the action was commenced in January, 1846, and the opinion of the court shows that it was upon a writing obligatory. In that case not only was the act of 1839 taken to be law, but effect was expressly given to section 13 of the Revised Statutes, and by necessary implication to section 11. So far as section thirteen was concerned, the opinion of the court was clearly erroneous, though the judgment was correct on the whole case, as that section had been expressly repealed by the act of the 14th January, 1843, and by that act its saving as to non-residents was not re-enacted, and because the evidence presenting the plaintiff in that case as a non-resident from the accrual of the cause of action and five years being taken as the bar, no limitation law commenced to run against him until the 14th January, 1843, and consequently as the bar of five years had not been completed against him when the act of December 1844 was passed, the 3d and 5th sections of that act by express language applied to his case: first, by repealing the act of 1843 that was then running against him and enacting two years from the 14th of December, 1844, within which a non-resident having a cause of action not barred in December 1844, might bring suit, and these two years had not expired at the time of the commencement of his suit in January 1846, as held in Carneal vs. Thompson and Hanly, 4 Eng. 55, and Watson vs. Higgins, ib. 475; consequently the decision of the court on the whole case was correct, at the same time it was clearly erroneous in giving effect to a section of the statute long before repealed. In recognizing the five years, however, there was an express adjudication that the act of 1839 was the rule for a case where the bar was not complete on the passage of the act of December 1844. So also in the case of Wilson vs. Keller, &c., 3 Eng. 508, the suit was on a promisory' note due the 7th of August 1842, and thus the bar had not been perfected when the act of December 1844 was passed, and yet the plea of three years seems to have been recognized, showing that in this case the act of 1839 was held to apply, and therefore, as to such cases, was law. And of the same character is the case oí Carneal vs. Thompson & Hanly, 4 Eng. 55, and .although in both these last mentioned cases the avoidance to the plea is set up under the act of December 1844, the plea itself is set up and recognized under the previous act which could not be, if as to claims against which the bar had not been perfected in December 1844, that act gave the period of limitation, (also Ringgold & Hynson vs. Dunn, 3 Eng. 497.) Then it appears that this court has, in at least four different cases, either directly or indirectly asserted or recognized the doctrine that a cause of action subsisting and not barred on the 14th of December 1844, was to be governed as to limitation by so much of the act of the 20th March 1839, as was not expressly repealed by the act of December 1844, and that such causes of action are not within the operation of the l'ast mentioned act, which operates only on causes of action accrued or to accrue since its passage. As to the other question, whether five years is the bar to an action on a sealed instrument like, this, under so much of the act of 1839 as has been declared to be in force as to causes of action accruing before the 14th of December 1844, numerous decisions of this court have established and so firmly fixed this doctrine in the affirmative that it can no longer be considered an open question. Baldwin vs. Cross, 5 Ark. 510. Dickerson vs. Morrison, 1 Eng. 264. Lucas vs. Tunstall. ib. 443. Davis, ex. use &c. vs. Sullivan, 2 Eng. 449. Watson vs. Higgins, ib. 475. Walker vs. Bank Miss. ib. 503. Clark vs. same, 3 Eng. 220. Bird vs. Smith, ib. 368. Ringgold & Hynson vs. Dunn, ib. 497. Wilson vs. Keller &c. ib. 507. Hensley et al. vs. Moore, 4 Eng. 69. And we the more cheerfully rest these two points here, (both being the result of interpretation of the legislative will) from the fact that these decisions in annotations to the new Digest of the laws passed before the eyes of the last Legislature and received no mark of disavowal. ; As to the first four replications they were bad for the reason that they were predicated upon a section of the act of 1839, (Rev. Stat. chap. 91, sec. 20,) that had been expressly repealed by the act of December 14th, 1844; and as the facts set up in these replications are to be taken strongest against the pleader, they afford no foundation for any pretence that the repeal of this section cut off eo instanti a subsisting cause of action inasmuch as the statute bar did not arise until near two years-after this repeal. The sixth replication was also bad because it neither denied the fact set up in the plea nor confessed it, and set up any other fact in avoidance, and also that it presented matter of law. Finding no error in this record the judgment of the court below is in all things affirmed.