## WADSWORTH *vs.* THOMAS.

A promise, made since the code of 1848 took effect, to pay a debt which was barred by the statute of limitations before the code went into operation, will not revive the cause of action, unless such promise be in writing, subscribed by the party to be charged thereby.

It is a general rule that statutes shall be construed to act prospectively, and not retrospectively. The meaning of the rule is that a statute is not to be construed to operate retrospectively, so as to take away a *vested right.*

The provisions of the 66th section of the code of 1848 have no application to the 90th section of the code, *it seems.* But if applicable they do not change its construction, or prevent it from applying to a case where the right of action accrued, and the action was commenced, after the code went into operation.

*Van Rensselaer* v. *Livingston,* (12 *Wend.* 490,) commented upon, and distinguished from the present case.

THIS was an appeal, by the plaintiff, from a judgment for the costs of a nonsuit, ordered on the trial of the cause at the circuit. The complaint was served in Nov. 1848. It alledged that the defendant was indebted to the plaintiff as maker of two promissory notes, one bearing date Jan. 1st, 1836, and the other July 6, 1836. It alledged a demand of the amounts due on

each, on the 26th day of August, 1836, and at divers other days and times between that time and the commencement of this action; and that the defendant had frequently promised to pay the same, and had so promised within six years next before the commencement of this action, yet had not paid, except the amounts named in the indorsements. The answer denied that the defendant was indebted to the plaintiff, as maker of the notes, or in any respect whatever. It alledged payment of the notes more than six years since; and stated that the defendant could not answer in regard to demand of payment. It denied any promise to pay within six years next before the commencement of this action, and alledged that the notes were given more than six years before suit. The reply denied payment, as alledged in the answer; and alledged that the defendant had promised to pay within the last six years before suit, and alledged a promise on or about the 30th day of August, 1848. The facts proved upon the trial are sufficiently stated in the opinion of the court. At the close of the plaintiff's testimony the defendant's counsel moved for a nonsuit on the ground that the acknowledgment and new promise were not in writing subscribed by the party to be charged thereby, as required by the 90th section of the code of procedure. To this the plaintiff's counsel objected, and insisted that said 90th section was prospective and not retrospective in its operation, and besides, that section 66 of the code of procedure rendered section 90 inapplicable to the plaintiff's right of action in this suit, said right having accrued before the code of procedure went into operation. The judge granted the motion for a nonsuit, and directed the entry of a judgment for costs; and the plaintiff excepted.

*B. F. Rexford*, for the plaintiff.

*J. Ruger*, for the defendant.

*By the Court*, GRIDLEY, J. This action is brought upon two notes made by the defendant; the one bearing date on the first of January, and the other on the fifth of July, 1836. Both were

Wadsworth v. Thomas.

payable on demand, and the last indorsement bore date on the twenty-sixth of August in the same year; so that the statute of limitations attached in August, 1842. It was urged on the argument by the plaintiff's counsel, that from certain allegations in the complaint, not denied in the answer, it appeared that there had been frequent promises to pay, on the part of the defendant, made at such times as to prevent the statute from attaching at all. The averment in the complaint, relied on, consisted in an allegation that on the 26th day of August, 1836, and on divers other days and times between then and the commencement of the action, payment had been demanded, and that the defendant had frequently promised to pay the notes, and had promised to pay the same within six years next before the commencement of the suit. The answer stated that the defendant did not recollect whether payment had ever been demanded or not, but absolutely denied any promise to pay, within six years next before the commencement of the action. Now, the answer admits no demand of the notes; but it leaves unanswered so much of the complaint as stated that the defendant had frequently promised to pay between the 26th of August, 1836, and a point of time six years before the commencement of the suit, which was on the 16th day of November, 1848. If this, then, is a material allegation, it is admitted that the defendant, at divers times and places, between the 26th day of August, 1836, and the 16th day of November, 1842, frequently promised to pay the notes. But at what particular times between these two periods he thus promised is not averred, and does not appear. Now the averment would be satisfied by supposing the promises to have been made in 1836 after the 26th of August, in 1837, 1838, 1839, 1840, or 1841. And there is nothing to show that any were made after that time. In truth, for aught that appears in the complaint, they may have been made within the first year after the 26th of August, 1836. Upon the facts, therefore, as proved by evidence and admitted by the pleadings, the statute of limitations had attached when the code of 1848 took effect as a law. After that, and on the 30th of August, 1848, the defendant promised to pay the notes. But

this promise was not in writing, and the defendant insists that within the principle of the 90th section of the code a verbal promise does not revive the cause of action. Upon these facts, two questions are presented for our consideration.

1. Whether, upon the true construction of section 90, irrespective of the saving clause contained in the 66th section of the code, the cause of action was revived. The section reads as follows: "Where the time for commencing an action arising on contract shall have expired, the cause of action shall not be deemed revived by an acknowledgment or new promise, unless the same be in writing subscribed by the party to be charged thereby." It is contended by the counsel of the plaintiff that the new promise in this case is not within the foregoing enactment, upon the ground that statutes are always to be construed to act prospectively and not retrospectively. There can be no doubt that this proposition, when rightly understood, is sound law. The meaning of it is that a statute is not to be construed to operate *retrospectively* so as to take away a *vested right*. The rule is so expounded in all the cases cited by the counsel. (*See* 7 *John.* 501; 12 *Wend.* 490; 8 *Id.* 661; 5 *Hill,* 408; 1 *Denio,* 128; 10 *Wend.* 104; *Id.* 363.) To bring the case within this rule, thus explained, the new promise should have been made before the code took effect as a law. Then upon the law as it existed when the code went into operation, the plaintiff would have had a vested right of action, to recover the amount of the notes; but, there having been no recognition of the demand, or promise to pay, within six years next before the time when the code became a law, there was no existing vested right. It had been taken away by the statute, and had not been restored by a new promise. And therefore the act was strictly prospective in its operation. It had respect to the manner in which a right of action might be revived. The plaintiff lost no *existing* right by the act, but was merely prevented from acquiring one thereafter, except in the manner pointed out in the act. It is true that the *opinion* delivered by Justice Sutherland in *Van Rensselaer* v. *Livingston*, (12 *Wend.* 490,) upon a superficial reading, seems to carry the doctrine a little farther

than the rule above laid down. But the law itself warrants no such conclusion. The question arose upon the construction of a provision of the revised statutes, (2 *R. S.* 301, § 48,) by which it was enacted, that payment should be presumed upon a sealed instrument after the expiration of twenty years from the accruing of the right of action, unless rebutted by a partial payment or by *a written acknowledgment*. The plaintiff proved a verbal promise long before the act was passed; and the court held that the act could not be construed retrospectively, so as to defeat a right of action which had been revived or continued and was existing in full force when the act took effect. It was precisely such a case as this would have been had the new promise been made *before* instead of *after* the time when the code took effect as a law. The decision in *Warner* v. *Griswold*, (8 *Wend.* 661,) is, in principle, the same. There is a great variety of cases which show that the rule of construction now in question can not apply to a case like this. (*See* 10 *Wend.* 365; *Id.* 104; 17 *Id.* 329; 2 *Hill*, 238; 5 *Id.* 409; 1 *Id.* 324. *See also* 1 *Kent's Com.* 455, 6; *Id.* 408, 9, *2d ed.*)

II. The next question to be considered is, whether the 66th section of the code excludes the provision contained in the 90th section from any application to the case under consideration. The language of the 66th section is as follows: " This title shall not extend to actions already commenced, or to cases where the right of action has already accrued; but the statutes now in force shall be applicable to such cases, according to the subject of the action, and without regard to the form."

(1.) Section 90 is certainly a part of the title mentioned in the 66th section; and yet it is very doubtful whether it is so, within the spirit and true meaning of the enactment. The fact that it is within the *words* of the enactment, literally interpreted, is not conclusive upon this point. " The real intention, when accurately ascertained, will always prevail over the literal sense of the terms." (1 *Kent's Com.* 462.) " *Qui, haeret in litera, haeret in cortice*," is a maxim venerable for its antiquity. The title spoken of treats " of the time of commencing actions," and is intended as a substitute for the old statute of limitations.

When it was decided that the forms of actions should be abolished, it became necessary to restrict this statute; for the provisions of the old act limited actions by name, as debt, assumpsit, case, &c. And in the reconstruction of this part of the statute some other changes were made in the times limited for the commencement of certain actions. It was probably these limitations of time which the framers of the act intended should not apply to actions already commenced, or to cases wherein the right of action had already accrued. The provision is analogous to that contained in the 45th section of the act entitled "Of the time of commencing actions," in the revised statutes. (2 *R. S.* 300, § 45.) Such was the application of that section, as appears from the cases of *Van Hook* v. *Whitlock,* (3 *Paige,* 416,) and *Fairbanks* v. *Wood,* (17 *Wend.* 329, *explained in* 2 *Hill,* 238, *and* 5 *Id.* 408.) We think, too, that the concluding words of the section in question point with great significance to the class of enactments which the section was intended to embrace. When it is said that "the statute now in force shall be applicable to such cases, according to the subject of the action, and without regard to the form," what else is meant but that the statutes which now limit actions of assault and battery to four years, and actions of assumpsit to six, shall continue applicable to the subjects of those actions, (notwithstanding the names and forms of action are abolished,) in all cases, where the right of action had accrued? Again; the enactment applies to such matters only as are now regulated by statute, declaring that the new statute shall not apply; but that the old ones shall. Now section 90 is a provision entirely *new.* It is not a substitute for any former enactment existing when the code took effect. It would seem to me, for these reasons, to be the better opinion that the provisions of section 66 have no application to section 90. *But*

(2d.) If these provisions *are* applicable to the 90th section, we do not perceive that they change its construction, or prevent its application to the facts of this case. This was not a case in which the *action was commenced* when the act took effect, like the case of *Dash* v. *Van Kleeck,* (7 *John.* 501;) nor where the

---
Wadsworth *v.* Thomas.
---

right of action had already accrued, like the case of *Van Rensselaer* v. *Livingston*, (12 *Wend*. 490.) In both these cases it was held that the statute should be construed to act prospectively and not retrospectively so as to effect a vested right. The object of the provision contained in section 66 was to prevent by direct prohibition the application of any of the new enactments in violation of the principles established in those cases. I have said that this was not a case in which the right of action had already accrued. By this I mean the right of action that would have been revived and would have accrued had the provision contained in section 90 not been enacted. Any other construction of this phrase, as applied to the provisions of section 90, would be senseless. Nor can the construction depend on the fact whether the recovery, in the case of a new promise, is upon the new promise, or upon the original cause of action. To test the question of interpretation, we may suppose the words of the 66th section to follow and make a part of the 90th section, thus—"*But this section shall not extend to actions already commenced, or to cases where the right of action has already accrued.*" The meaning would thus be plain. The section would not have extended to this case provided the plaintiff had already commenced his suit ; nor would it, if the cause of action had already accrued by the making of a new promise before the code went into operation, although no suit had then been commenced. Such, we are satisfied, is the true reading of these enactments.

The judgment must be affirmed.