## GILLESPIE *vs.* ROSEKRANTS.

The 110th section of the code which requires that a promise, to take a case out of the operation of the statute of limitations, shall be in writing, is not applicable to cases where the right of action had accrued before the adoption of the code.

APPEAL from a judgment of the Ulster county court. The action was brought before a justice of the peace. The plaintiff claimed to recover upon a promissory note for $31.52, dated July 1, 1845, made by the defendant and payable to the plaintiff, *on demand.* The action was commenced on the 23d of July, 1851. The defendant, by his answer, insisted that the note was barred by the statute of limitations. Upon the trial,

the plaintiff proved that, on the 13th of June, 1851, an agent who held the note for collection, called on the defendant to obtain payment, or a new note, and that the defendant then promised that he would pay one half of the note and the interest thereon on the 20th of June, and arrange the other half by giving a new note, or in some other way. The justice rendered judgment in favor of the plaintiff for $44.94, the amount of the note and interest, and $2.78 costs, which judgment was reversed by the county court upon appeal. The plaintiff appealed to this court.

*L. Tremain,* for the plaintiff.

*E. Cooke,* for the defendant.

*By the Court,* HARRIS J. The plaintiff's cause of action was undoubtedly barred unless the promise made by the defendant on the 13th of June, was sufficient to take it out of the statute. It is not denied that such would be the effect of that promise, were it not for the 110th section of the code, which requires that a promise, to take a case out of the operation of the statute of limitations, must be " contained in some writing signed by the party to be charged thereby." The court below held that this provision of the code was applicable to the case, and, upon that ground, reversed the judgment of the justice. In making this decision, it is obvious that the provision in the 73d section, which declares that the title of the code in which the 110th section is found, shall not extend to cases where the right of action had already accrued, was overlooked. It is expressly provided in that section, that the statutes in force at the time the code was adopted, shall be applicable to such cases. This was such a case. The note having been made in July, 1845, and being payable on demand, a right of action had accrued, and was existing at the time the code took effect as a law. The provisions of the code, therefore, did not affect the case.

The case of *Wadsworth* v. *Thomas,* (7 *Barb.* 445,) has no application to the question under consideration. That case arose

under the code of 1848. The 90th section of that act, which is the 110th section of the present code, merely provided that in cases where the time for commencing an action arising on contract should have expired, the cause of action should not be deemed to have been revived by an ackowledgment or new promise unless the same should be in writing &c. The provision had no reference to a case where the promise relied upon to take the case out of the statute of limitations had been made before the debt had become barred. But the 110th section, as amended in 1849, was made applicable to every case of acknowledgment or new promise, except in cases where a right of action was in existence at the time the code took effect as a law. The case in hand is within that exception. The decision of the county court was, therefore, erroneous, and should be reversed, and the judgment of the justice affirmed.

[ALBANY GENERAL TERM, May 7, 1855. *Parker, Wright* and *Harris,* Justices.]