Wright, J.
The action was to enforce the specific performance of a contract to convey lands, made in June, 1815. The agreement authorized the vendee to go into possession. The vendee entered into possession; and by various assignments, the possession of the premises accompanying the same, in 1841 the contract was owned and the possession of one hundred acres of the land held by the plaintiff, and he continued to own the contract and hold the possession up to the bringing of the action, in December, 1851. During all the period from the entry of the original vendee the possession was in the holders of the contract.
The conrplaint admitted that the legal title to the premises, together with other lands, had by various conveyances come to and was vested in the defendant. It also averred that the purchase money mentioned in the contract had been long since paid to the parties entitled to it, and that the defendant fiad brought an action of ejectment against the plaintiff to recover the one hundred acres on the naked legal title.
The plaintiff proved the contract and possession, as alleged, but gave no evidence of the payment of the purchase money, except the first instalment, the receipt for which was endorsed on the contract itself; relying on the legal presumption as prima facie evidence of the payment of the residue. The principal question, therefore, oh the appeal is, whether the plaintiff was entitled to prevail upon the mere legal presumption of payment. As there was no proof of actual payment, the court at special term found that all of the purchase money, except the first instalment, specified in the contract, remained unpaid, and dismissed the complaint. The judgment of the court at general term was otherwise.
The Revised Statutes provide “that after the expiration of twenty years from the time a right of action shall accrue upon any sealed instrument for the payment of money, such right shall be presumed to have been extinguished by payment : but such presumption may be repelled by proof of *306 payment of some part, or by proof of a written acknowledgment of such right of action within that period.” (2 R. S., 301, § 48.) Prior to the enactment of this provision, at common law a presumption of payment of a bond, mortgage or other contract for the payment of money was allowed to prevail, to the defeat of actions on those instruments, after the lapse of twenty years, or, in some cases, a less time. Such presumption, howrever, might have been rebutted by any evidence, parol or written, tending to show that payment had not been made. The revisors of the statutes, whilst they proposed to fix the term that should elapse before the presumption attached, did not propose to disturb the rules of evidence by which the presumption of payment might be repelled, and accordingly, as they reported the section to the legislature, it read, “ but such presumption may be repelled by competent proof of an acknowledgment of such right of action within that period thus leaving it to the courts to say what circumstances- should be sufficient to repel the presumption. The legislature struck out the words “ competent proof,” and in place thereof inserted, “ by proof of payment of some part, or by proof of a written acknowledgment of such right of action within that period,” clearly evincing an intention to restrict the repelling evidence to proof of payment of part, or an acknowledgment in writing of the right of action within the twenty years. (Revisers’ notes to § 48, supra.) The intention of the statute was to exclude every description of rebutting evidence except that expressly mentioned in it. The maxim, “ expressio unius, exclusio est alter his,” is as applicable to the construction of statutes as to contracts. We were referred to no decision in which the point was directly involved, but I am strongly inclined to the opinion that the statute should be construed as excluding every species of repelling evidence except that of part payment or a written acknowledgment. This construction seems to have been conceded in Van Rensselaer v. Livingston (12 Wend., 490), which was covenant' on an *307 agreement for the sale of lands; but the statute was avoided in that case by giving it a prospective operation. (Henderson v. Henderson, 3 Denio, 314.) Under this view of the statute, therefore, the evidence of the defendant’s agent of his interview with the plaintiff, in 1847, was inadmissible. It could only be relevant as tending to repel the presumption, and it was with that view solely it was offered and received. It did not tend to prove payment in part, nor was any written acknowledgment of the right of action pretended. It was that kind of evidence that courts had been accustomed to receive, but which it was the object of the statute to exclude. It was consequently improperly admitted; but as payment had been denied, and it was clearly necessary to show it in some way, to entitle the plaintiff to the relief demanded, the question still recurs whether he could rely prima facie upon the presumption of payment raised by the statute, and, without other proof than the lapse of time, invoke the affirmative action of a court of equity in his behalf.
It is matter of evidence, clearly, to establish the fact of payment; and in seeking the advantage of the statute it cannot be pleaded as a statute of limitations. Payment must be pleaded; and if not repelled, the party relies upon the'legal presumption. (Henderson v. Henderson, 3 Denio, 314.) The presumption has the same force and legal effect as evidence, in a proper case, as though the fact were proved in any other manner. Payment is prima facie presumed from the lapse of time, and such presumption becomes conclusive to the defeat of a right of action upon a sealed instrument for the payment of money, unless repelled in the mode prescribed by the statute. The contract, in this case, may be regarded as an instrument for the payment of money, within the meaning and intent of the statute, at least if the vendors treat it as such by bringing an action at law upon the covenant to recover the purchase money. But whether the legal presumption may be used, as an instrument, in a court of equity, for affirmative, aggressive action or attack, *308 is quite a different question from that of wielding it as a defensive weapon. That the presumption is available to a defendant at law as a shield cannot be doubted; but can a plaintiff avail himself of it, in a court of equity, to enforce the specific performance of a contract on the part of his vendors ? I think that the presumption created by the statute was designed simply as a shield to a defendant It is, in effect, a statute of limitations merely. Ho precedent, it is believed, can be found in this state, where the presumption has been used save as a shield, nor any case which countenances the doctrine that a party, in a court of equity, may avail himself of it for affirmative action. It will scarcely be pretended that equity would compel the cancellation of a bond on the mere legal presumption of payment; but the obligor would be left to his defence at law. Hor should a court of equity decree a specific performance of a contract to convey lands, relying solely on the legal presumption, from lapse of time, of payment of the purchase money, and without proof of actual payment. An action of that character is founded upon a mere equitable arid reciprocal trust. In equity, the vendee is a trustee of the purchase money for the use of the vendors. The discharge of this trust by payment cannot be presumed, but must be proved. The plaintiff became such trustee, in 1841, before any presumption of payment could have arisen, if the statute is to be construed as prospective. It would be unreasonable for a court of equity' now to indulge and give effect to a mere legal presumption that he has discharged the trust by payment. It would be quite as reasonable to presume that the vendors, or the defendant who stands in their place as trustee of the land, have discharged such trust by a conveyance. The defendant is admitted to hold the legal title to the premises, and the equitable powers of the court are invoked to compel it to convey the land upon the mere legal presumption that the purchase money has been paid. Such *309 a precedent of the exercise of the powers of a court of equity would be entirely novel.
There may be difficulties in the way of a party availing himself, at law, of the legal presumption, depending upon the form of action. In covenant, treating the contract as an instrument for the payment of money simply, it could be made entirely available; but in ejectment, by the owner of the legal title, it might be otherwise. So, too, actual payment, in the latter case, would be unavailable as a defence at law; but a court of equity could be successfully invoked to compel a transfer of the legal title. To decree a specific performance rests in the discretion of a court of equity; although, in a clear case, it has come to be almost as much a matter of course as to award damages at law for a breach of the contract. Still, the party must show affirmatively that he is entitled to the relief. It must appear affirmatively that he has performed the contract. He must have actually paid tlie purchase money. This must be shown. It will not be assumed that the consideration agreed to be paid was paid at the times it was by the contract payable. Though more than twenty years may have elapsed from the time a right of action shall have accrued at law for the purchase money, it would be no reason for a court of equity to give the^same effect to a presumption of payment from lapse of time, as to proof of actual payment, and wrest the legal title from the holder. This would be a strange use of what we cannot help to. observe was designed, in effect, only as a statute of limitations; a defensive weapon, and not an instrument of attack. It would be allowing a party who asks affirmative aid to avail himself of a mere legal presumption, intended, as a shield and protection against attack, to establish his right thereto.
The complaint in the case wras dismissed at special term. The general term reversed the judgment, and, the parties having waived a new trial, directed a judgment to be *310 entered in favor of the plaintiff, pursuant to the prayer of the complaint.
This judgment should be" reversed, and judgment entered affirming that rendered at special term.
Denio, C. J., did not hear the argument, and took no part in the decision.
Judgment of the general term reversed, and that of the special term affirmed.