## THOMAS HOPE and others *v.* JOHN H. BOGART.

No acknowledgment or promise is sufficient evidence of a new or continuing contract, to take a case out of the operation of the statute of limitations, unless contained in some writing signed by the party to be charged thereby.

The effect of the enactment of the provision in the Code of 1849, requiring such promise to be in writing, is to establish a new rule of evidence for all cases, where the action is brought after the period limited by statute.

APPEAL from a judgment of the Sixth District Court. The facts are fully stated in the opinion of the court.

*J. B. Staples*, for the appellant.

*G. L. Walker*, for the respondents.

HILTON, J.—The plaintiffs brought this action upon an account for goods sold and delivered by them to the defendant, between January 5th and October 9th, 1850. The defence interposed was, that the cause of action had not accrued at any time within six years previous to July 9th, 1857, the day this suit was commenced. Upon the trial, the plaintiffs proved a parol promise made by the defendant in 1853, to pay the account then rendered. The defendant not only objected to this proof being admitted, but also moved to dismiss the complaint, upon the ground that the statute of limitations had taken effect upon the claim before the suit was brought, and that no verbal promise could continue or revive the debt. The evidence was admitted, the motion denied, and judgment rendered in favor of the plaintiffs. The defendant appeals.

By the statutes in force at the time this debt was created, an action for its recovery could only be commenced within six years after the cause of action accrued : and no acknowledgment or promise could be sufficient evidence of a new or *continuing* contract, to take the case out of the operation of this provision, unless the same was contained in some writing *signed* by the party to be charged thereby. Code of 1849, §§ 74, 91, 110.

The obvious intention of this enactment was, to require that every such promise or acknowledgment thereafter made, to be valid, should be in " writing, and signed by the party to be charged thereby." A new rule of evidence is thus established for all cases, where the action is brought after the period

thus limited. *Esselstyn* v. *Weeks*, 2 Kernan, 635; *Wadsworth* v. *Thomas*, 7 Barb. 445. These provisions of law are still in force, and the evidence admitted was clearly insufficient to charge the defendant with a demand barred by statute.

Judgment reversed.