Van Alen *v.* Feltz.

---

## VAN ALEN *vs.* FELTZ.

The meaning of the 73d section of the code, in declaring that the title relative to the time of commencing actions should not extend to actions already commenced, or to " cases where the *right of action* had already accrued," was to except from the operation of the section (110) requiring the new promise or acknowledgment to be in writing, only those cases where an action had been already commenced, or should be thereafter commenced, upon a then existing and effective cause of action, which should, of itself, and without the aid of any subsequent promise or acknowledgment, be sufficient to support the action.

It is the new promise or acknowledgment, which gives vitality to the cause of action, and it forms the substance of the right of action prosecuted.

Hence, when a promise or acknowledgment, made before the statute of limitations had run, but since the code took effect, is relied on as taking the case out of the statute of limitations, it must be in writing.

ACTION tried at the Columbia circuit, in September, 1857, before Justice D. WRIGHT, without a jury. The judge, after consideration, gave judgment for the defendant, from

which judgment this appeal was taken by the plaintiff. The question involved arose upon the statute of limitations. The Messrs. Bulkley, (attorneys and counsellors at law,) on the 18th of April, 1846, recovered a judgment against the defendant, before a justice of the peace, for $101.15, and also another judgment, for $76.15 ; and on the 31st of March, 1856, assigned them to the plaintiff in this action ; who commenced this suit, for the recovery of the amount due thereon, on the 10th day of July, 1856. Previous to the assignment to the plaintiff, and before the statute of limitations had run against the judgments, and in June, 1852, and also before that time, the defendant verbally promised the plaintiffs in the judgments, who were then the owners thereof, to pay them. The question was, whether a verbal promise was sufficient to take the case out of the statute of limitations.

*George W. Bulkley,* for the appellant.

*C. B. Cochran,* for the respondent.

*By the Court,* HOGEBOOM, J. By section 110 of the code, as read in connection with section 73, it is provided that no acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take a case out of the operation of the statute of limitations, unless the same be contained in some writing signed by the party to be charged thereby ; but that this provision shall not extend to actions commenced, or to cases where the right of action had accrued when the code took effect, (1848 ;) but that the statutes then in force should be applicable to such cases, according to the subject of the action, and without regard to the form. The excepted cases would seem to be pretty clearly specified by this language ; and yet it was not long before a case arose calling for judicial construction. It arose upon the proper interpretation to be put upon the following language : " cases where the right of action had already accrued." Cases where

Van Alen *v.* Feltz.

the statute of limitations had already attached, were in one sense cases where the right of action had already, that is *theretofore*, accrued. But no difficulty arose as to these, because they were put at rest (unless there was some new promise or acknowledgment,) both by the old and the new statutes. But the difficulty arose as to cases : 1. When, at the time the code took effect, the statute of limitations had attached, but there was an acknowledgment or promise afterwards ; and 2. When, at the time the code took effect, the limitation had not yet attached, but would have attached before the action was commenced, but for an intervening promise or acknowledgment. The question was, whether in these two latter cases the promise or acknowledgment must be in writing ; that is, whether the code operated upon it, or it did not. As to the *first* class above mentioned, the cases of *Wadsworth* v. *Thomas*, (7 *Barb.* 445,) and *Esselstyne* v. *Weeks*, (2 *Kern.* 635,) are directly applicable, and they hold that in such cases the rule of the code governs, and that the promise or acknowledgment must be in writing. They are put upon the ground that, when the code took effect, the statute had already attached, and that in no just sense could it be said of them that the causes of action had already accrued ; that the effective cause of action, and that upon which the plaintiff must rely for a recovery, was the subsequent promise or acknowledgment ; and hence that such cases did not, according to the spirit, and scarcely according to the letter of the statute, come within the exception before named. But in the other class of cases, where the statute of limitations had not attached, and of course where there was an existing cause of action at the time the code took effect, there is more difficulty. They present, unquestionably, cases where a right of action had already accrued ; and the question is, whether it is *the* right of action to which the exception refers. The reasoning of the cases above referred to, comprehends this latter class of actions ; for it is contended, and with much apparent reason, that the right of action referred to, means the right of action which is *pros-*

*ecuted,* and not one which, although existing when the code took effect, is permitted to die, or become extinguished, without being enforced. And it is claimed that the code meant to establish one uniform rule of evidence for the future ; that is, when the party, in order to sustain his action, was obliged to rely upon a promise or acknowledgment made since the code, it must have one uniform characteristic ; that is, it must be in writing. And I think this, on the whole, the sounder construction. Against this construction it is urged, with some plausibility, that the cause of action prosecuted is, in all cases, the *original* cause of action, and that the subsequent promise or acknowledgment is only used to sustain or continue the original cause of action. This view is supported by several adjudged cases. But after all we cannot but see that it is the new promise or acknowledgment which gives vitality to the cause of action, without which it could not exist ; and that it forms the substance of the right of action prosecuted. And we ought therefore, I think, for the purpose of giving a construction to this section, to look at the object and spirit of the enactment, and not to the mere letter of it. It may be technically true that the right of action had accrued when the code took effect. But the meaning of the code is, I think, to except from the operation of the section requiring the new promise or acknowledgment to be in writing, only those cases where an action had been already commenced, or should be thereafter commenced, upon a then existing and effective cause of action, which should, of itself, and without the aid of any subsequent promise or acknowledgment, be sufficient to support the action.

I am embarrassed, however, in giving effect to these views, in the present case, by the course of adjudication which has been had in this court, on the effect of this statute. The decision of the court of appeals in *Esselstyne* v. *Weeks* cannot be considered as controlling authority beyond the range of the facts involved in that case ; and that was a case where the statute of limitations had attached prior to the code. On the

Van Alen v. Feltz.

other hand, there are several decisions in this court to the effect that where a right of action had already accrued at the time the code took effect, a subsequent promise or acknowledgment to renew or continue the same need not be in writing. (*Gillespie* v. *Rosekrantz*, 20 *Barb*. 35. *Glen Cove Mutual Ins. Co.* v. *Harold, Id.* 298. *Winchell* v. *Bowman*, 21 *id*. 448.) The cases, also, in this court, are numerous to the effect that where a demand is barred by the statute of limitations, and revived by a new promise or acknowledgment, the right of action is founded upon the original demand, and not upon the new promise or acknowledgment ; the latter operating only to remove the presumption of payment arising from the lapse of time. (*Soulden* v. *Van Rensselaer*, 9 *Wend*. 297. *McCrea* v. *Purmort*, 16 *id*. 477. *Watkins* v. *Stevens*, 4 *Barb*. 168. *Carshore* v. *Huyck*, 6 *id*. 583. *Philips* v. *Peters*, 21 *id*. 358, *and cases there cited*. *Winchell* v *Bowman*, 21 *Barb*. 451.) If this be so, it can be argued with great force, not only that in a case like this, the right of action had accrued when the code took effect, but was continued, and remained a subsisting cause of action at the time this action was commenced, and that the only effect of the subsequent promise or acknowledgment was to awake the original cause of action theretofore dormant, but not dead. I have expressed my doubts whether this was the true interpretation of the provisions of the code already referred to, but should be inclined, on the whole, to yield to the weight of authority, and to leave it to the court of appeals, if they think proper, to overrule the construction which this court seems pretty uniformly to have put upon this statute, were I not satisfied from the opinion of this court in *Wadsworth* v. *Thomas*, (7 *Barb*. 445,) that there is a difference of opinion in the supreme court on the subject, and from the opinions of the court of appeals in *Esselstyne* v. *Weeks*, (2 *Kern*. 635,) that they would ultimately adopt the view of the statute therein expressed, as the authoritative exposition of the law. As this also accords with our own construction of the statute, independent of authority, and will probably

McGrath *v.* Hudson River Rail Road Company.

save expense to the parties, we think the appropriate disposition to be made of this case is that the judgment therein should be affirmed.

Judgment accordingly.

[ALBANY GENERAL TERM, May 2, 1859. *Gould, Hogeboom* and *Sutherland*, Justices.]