## COE *vs.* MASON and COE, adm'rs &c.

Section 110 of the code of procedure, which requires that a promise, to take a case out of the operation of the statute of limitations, shall be in writing, is not applicable to cases where the right of action had accrued previous to the adoption of the code.

Accordingly *held* that parol promises made in 1851 and 1856, to pay a debt which existed and was in full force at the time the code took effect in 1848,

were sufficient to take the case out of the statute of limitations; the case coming within the exception of section 73 of the code. Morgan, J. dissented.

The legislature intended to confine the operation of section 110 of the code to new liabilities, and not to include pre-existing ones which had been already barred by the statute. *Per* Foster, J.

The "right of action," spoken of in the 73d section of the code, which excepts from the operation of section 110 actions already commenced, and cases "where the right of action has already accrued," means the right of action upon the original obligation, and not the right of action upon the new promise.

The case of *Van Alen* v. *Feltz*, (32 *Barb.* 139,) overruled.

APPEAL from a judgment rendered in favor of the plaintiff upon the report of a referee appointed pursuant to section 41 of the revised statutes. (3 *R. S. p.* 175, *5th ed.*) The plaintiff claimed upon a promissory note, and upon an account for work, labor and services performed by her for the defendants' intestate. The referee reported the following facts found by him, viz: That William C. Coe died in March, 1859, and that the defendants were duly appointed administrators of his goods, chattels and credits. That in the month of June, 1843, he executed and delivered to the plaintiff a promissory note of which the following is a copy:

"$100. Due Ruth Coe, or bearer, one hundred dollars one year from date with interest, for value received.

Madison June 20, 1843.

(Signed) William Coe."

That William C. Coe, in the year 1851, promised the plaintiff, by parol, to pay the note; and that he also, in the year 1856, promised her, by parol, to pay the note. That the note, principal and interest, on the 10th day of August, 1860, amounted to $219.97, and that no part of the principal or interest had been paid. All of which findings were supported by the evidence. And as a conclusion of law, the referee found that the note was a valid subsisting debt against the defendants as such administrators, in favor of the plaintiff, with interest from its date.

*J. Sterling Smith,* for the plaintiff.

*A. N. Sheldon,* for the defendants.

FOSTER, J. The only question is whether the demand is barred by the statute of limitations. It is conceded that but for section 110 of the code the debt secured by the note in question was revived by the parol promises of the intestate, made in 1851 and 1856. That section is a part of title 2, and declares that "no acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this title, unless the same be contained in some writing signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest." And section 73 of the same title provides that "this title shall not extend to actions already commenced, or to cases *where the right of action has already accrued;* but the statutes now in force shall be applicable to such cases, according to the subject of the action, and without regard to the form."

The adjudications of the supreme court upon this question cannot be reconciled. The case of *Gillespie* v. *Rosekrants,* (20 *Barb.* 35,) is in point to show that the claim is not affected by section 110, and the case of *Winchell* v. *Bowman,* (21 *Barb.* 448,) is substantially to the same point; while the case of *Van Alen* v. *Feltz,* (32 *Barb.* 139,) holds directly the reverse; and it is claimed by the counsel for the appellants that other cases, cited by him, favor the same view.

It is apparent that the case of *Van Alen* v. *Feltz* was decided before the decision of the court of appeals in the case of *Winchell* v. *Hicks,* (18 *N. Y. Rep.* 558,) was promulgated.

Without attempting to analyze the various cases, it is sufficient to say that the decision of the court of appeals in the last mentioned case is controlling; and I think it meets the question raised here, and decides that section 110 does not apply to such a case. The questions were not raised in

Coe *v.* Mason.

that case, whether the payment made by Bowman, with the parol proof of what was said by Hicks and Tanner, to the plaintiff's agent, showed the payment to be their act; and also what was said by them to him, was evidence of an acknowledgment by them of the existence of the debt; so that, independent of the payment, it continued the demand in life.

It appears clearly, from the case, that Allen, J. who wrote the opinion, held not only that the payment was sufficient to take the case out of the statute, as to Hicks and Tanner, but that section 110 did not apply; and that the acknowledgment was also sufficient for that purpose. Denio J. dissented from so much of the opinion as held that the payment was good as against all of them; but said that the language of Hicks and Tanner was sufficient to take the case out of the statute, and that the code had no application to the case. Johnson, J. also put his judgment on the verbal recognition. It is also apparent from what the case discloses that Comstock, J. put his decision on the same ground. And the legal presumption is that all the other judges concurred in all the legal conclusions of the opinion. In that case the debt had been due about two years when the code took effect; and in the case before us it had been due about four years; and if the decision that the code had no application to that case be correct, it surely cannot apply to this.

I think, however, that the language of section 73 is so plain that there should not be any doubt that it meant to exclude from the operation of section 110 all cases then existing, where a suit had been brought; or where an action could be maintained at the time the code took effect. If the legislature meant to provide that the code and the 110th section should apply to all cases of simple contract, except where suits had been commenced, or where they should be commenced within six years from the time they became due, notwithstanding they were due when the code took effect, they used very inapt language to express the idea, and were engaged in a very useless work; for such cases would not

need any saving clause. The provisions of section 110 could not apply to them.

The language of section 73 is very broad. It excepts all cases "*where the right of action has already accrued.*" Had not, in this case, a right of action accrued? And is it not to be presumed that the parties, when the note was made, and when payment was delayed, were aware of the provisions of the statute of limitations then in existence, and acted accordingly? If so, no construction should be given to the statute which would change their right, unless it clearly appears that the legislature intended to do so. It is a general principle of construction of a statute, that it is to be so construed as to operate only prospectively, and so as not to affect in any way existing debts, if such construction can be given without doing violence to the language employed.

I believe the legislature intended to confine the operation of section 110 to new liabilities, and not to include pre-existing ones which had already been barred by the statute. And such interpretation is consistent with the language made use of in section 73.

The judgment should be affirmed, with costs.

BACON, J. The note on which a recovery was allowed in this case was payable in June, 1844. The statute of limitations did not attach until 1850. The claimant proved a promise by parol, on the part of the maker of the note, to pay it, made in 1851, and another made in 1856. And the referee has found the fact that these promises were made, and that the note is a valid and subsisting debt against the estate of the decedent. Before the code there can be no doubt that the plaintiff would on this proof be entitled to recover, and the only question is whether the provisions of the code on the subject of promises which will remove the bar of the statute, are applicable to, and control this case. In 1848 the 110th section of the code was enacted, and has been ever since in force, by which it is provided that no

Coe *v*. Mason.

acknowledgment or promise shall take a case out of the operation of the statute of limitations, unless the same be contained in some writing signed by the party to be charged thereby. But by the 73d section an exception is created in regard to actions already commenced, and cases "where the right of action has already accrued." It is insisted, therefore, that as the cause of action had accrued, and was existing when the code took effect, this case is within the plain exception of the 73d section, and is to be governed by the law in force when the code was adopted, as is expressly provided by that section.

The course of adjudication in this state upon this question cannot be said to be very satisfactory, and decisions in the supreme court in different districts can be found on both sides. The difficulty which has presented itself, and upon which it seems to me there has been an unnecessary refinement, is whether the "right of action" of which the code speaks means the right of action upon the original obligation, or the right of action upon the new promise. It appears to me to be the most obvious and natural conclusion that the former was intended. That is the cause of action which is always prosecuted in a suit on the note. It is the gravamen of the action, and a new promise is never counted upon, although it may be true that where the statute is interposed as a defense, it is the new promise which gives vitality to the cause of action, and without which, indeed, it can hardly be said to exist.

This is the view taken by several of the reported cases in the supreme court, and it seems to me in accordance with a plain and common sense interpretation of the language of the code. I do not deem it worth while to cite or comment upon the cases in the supreme court on either side of the question, since it must be determined, if it can be, independently of their authority. In the court of appeals, the point has not perhaps been nakedly presented, and yet enough has been decided, as I think, to determine the question in favor

of the right of the plaintiff to recover. The case of *Esselstyn* v. *Weeks*, (2 *Kern.* 639,) is not an authority against this conclusion, for the reason that there the statute of limitations had attached to the obligation before the enactment of the code, and consequently there was no existing right of action to be saved at that time. This may perhaps strike some minds as "a distinction without a difference" in principle, but such was the fact in that case, and it is conceded by Hogeboom, justice, in *Van Alen* v. *Feltz*, (32 *Barb.* 142,) that the case cannot be considered as authority beyond the range of the facts as they existed, it being a case where the statute of limitations had attached prior to the code.

The case of *Winchell* v. *Hicks*, (18 *N. Y. Rep.* 558,) is, I think, in principle and effect decisive of this case. The precise question there was whether a payment made by the principal, upon a promissory note, would operate to take away the bar of the statute set up by the sureties, where such sureties upon being called on by the holder had referred him to the principal, and upon such reference a payment was made. The court held that this was sufficient to charge the sureties and obviate the statute. The question of the proper construction of the 73d section was in the case, and was discussed in the leading opinion, by Allen, J. The question arose, as he says, whether the promise relied upon to take the case out of the statute should not have been in writing, under the 110th section of the code. He gives a two-fold answer to the suggestion, and the second is that the case is within the exception of section 73, for the reason that the original right of action having accrued before the adoption of the code, and the debt not having then been barred, the contract would be revived by a parol promise, and did not require a written acknowledgment. From some part of the opinion there was a dissent by other judges, but not in respect to this proposition, which seems to have been assented to, and was expressly recognized by Denio, J. when he says that the language of the sureties was a sufficient recog-

nition of their liability under the law as it formerly stood; *"the code,"* he adds *"having no application to the case."* The principle is here very clearly announced which should govern this case. The statute did not attach to the note of the plaintiff here until 1850; consequently a right of action existed and the obligation was in full force in 1848, when the code took effect. The case comes within the exception of the 73d section, and the parol promise proved in this case entitled the plaintiff to recover. I think the conclusion of the referee was right, and that the judgment entered upon his report should be affirmed.

MORGAN, J. dissented.

Judgment affirmed.

[ONONDAGA GENERAL TERM, April 5, 1864. *Morgan, Bacon* and *Foster*, Justices.]