MATILDA CARPENTER, PLAINTIFF, v. ANTHONY SHIMER, DEFENDANT.

*Statute of limitations — when it operates prospectively only — Chapter 431 of 1876.*

Chapter 431 of 1876, amending section 94 of the Code, so as to limit to one year the time within which an action for an injury to the person must be brought, operated prospectively only, and did not affect causes of action existing at the time of its passage.

*Dubois* v. *The City of Kingston* (20 Hun, 500); *Guillotel* v. *The Mayor* (55 How., 114) not followed.

MOTION for a new trial on exceptions taken to a nonsuit ordered upon a trial at the Cayuga Circuit, which were directed to be heard in the first instance at the General Term.

The action was brought to recover damages for an injury to the person of the plaintiff sustained through the defendant's negligence.

The cause of action accrued in June, 1874, when the injury was sustained. The action was commenced April 13, 1877. The answer alleged that the plaintiff " ought not to have or maintain the said action because more than one year has elapsed since the aforesaid cause of action accrued to the plaintiff and the same is barred by the statute of limitations."

At the trial the plaintiff urged and insisted that the amendment of section 94 of the old Code had no application, and the defendant's counsel insisted that chapter 431 of the Laws of 1876, amending the said section, applied and that the action was barred.

The court held with the defendant and nonsuited the plaintiff.

*M. Goodrich* and *Geo. Underwood*, for the plaintiff.

*John T. Pingree*, for the defendant.

HARDIN, J.:

In *Patterson* v. *Gaines* (6 How. [U. S.], 550) it was held that the statute of limitations which was in force when the suit was brought is that which determines the right of a party to sue.

Section 74 of the Code of Procedure declared, viz., " Civil actions

can only be commenced within the periods prescribed in this title *after* the cause of action shall have accrued." * * *

Section 89 of the Code of Procedure declared that the periods prescribed in section 74 for the commencement of actions * * * shall be as follows, etc :

And then several sections intervene, and section 94 was amended in 1876 by chapter 431 of the laws of that year so as to read, viz. : " Section 94, within one year. (1.) An action against a sheriff. * * * (2.) An action for injury to the person."

The words under the second subdivision were new and added by the act of the legislature of 1876, passed May 26, 1876 (chap. 431), and by its terms to take effect July 1, 1876.

When this action was commenced the limitation was one year, and that statute being the only one then in force was claimed to be controlling.

The question presented to us was passed upon by the Third Department in *Dubois* v. *The City of Kingston* (20 Hun, 500), and, by the Court of Common Pleas of New York (*Guillotel* v. *The Mayor*, 55 How. 114), and resolved in favor of the construction, given in the court below in the case before us.

In section 73 of the Code of Procedure there was inserted a provision that the rules prescribed by title two should " not extend to actions already commenced or to cases *where* the right of action has already accrued ; *but* the statutes now in force shall be applicable to such cases according to the subject of the action and without regard to the form."

This provision was an enactment of a rule which had been laid down in cases where the statute did not, in terms or by its language, require an interpretation which applied it to causes of action already accrued at the time of its passage. (*Murray* v. *Gibson*, 15 How. [U. S.], 421 ; *Sohn* v. *Waterson*, 17 Wallace, 597 ; *Dash* v. *Van Kleeck*, 7 Johns., 477 ; *People* v. *Lord*, 12 Hun, 287, and cases cited ; *Palmer* v. *Conly*, 4 Denio, 375, JEWETT, J. ; *Wadsworth* v. *Thomas*, 7 Barb., 445.) The rule is stated tersely by EARL, Commissioner, in *N. Y. and Oswego M. R. R. Co.* v. *Van Horn* (57 N. Y., 477), viz., " A law is never to have retroactive effect unless its express letter or clearly manifested intention requires that it should have such effect. If all its language can be

satisfied by giving it prospective operation, it should have such operation only." (*McCahill* v. *Hamilton*, 20 Hun, 388; *Auff"mordt* v. *Rasin*, 23 Alb. Law J., 177, op. of MILLER, J., U. S. C.) The principle is recognized in section 3352 of the Code of Civil Procedure.

The amendment of 1876 must be assumed to have been adopted by the legislature so as to act prospectively, as no contrary intent appears from its language.

Besides, reading section 94 of the Code of Procedure as thus amended by the act of 1876, in connection with sections 73, 74 and 89, as they are in the same title with section 94, we are of the opinion that it is clear that the intent of the legislature was that the amendment of 1876, though an independent act, should be construed with and governed by the provisions of the act amended.

Thus construed it operates prospectively.

The words in section 77 " but the statutes now in force shall be applicable to such cases" must, therefore, be held to qualify the amendment of 1876 so far as it prescribes a new rule of limitation.

This construction accords with the interpretation given to amendments in cases not unlike this one in principle.

The statute thus construed operates prospectively, and not upon causes of action in existence at the time when the act of 1876 became a law. (*People* v. *Carnal*, 2 Seld., 463; *Ely* v. *Holton*, 15 N. Y., 596; *Benton* v. *Wickwire*, 54 id., 226; *Moore* v. *Mausert*, 49 id., 332; *In re Peugnet*, 67 id., 444.)

The views already expressed lead to the conclusion that when the action was commenced the cause of action was not barred, and therefore the Circuit judge improperly nonsuited the plaintiff, and the motion for a new trial should be granted.

Motion for a new trial granted, with costs to abide the event.

TALCOTT, P. J., and SMITH, J., concurred.

New trial granted, costs to abide event.