Daniel *v.* Morrison.

## Marine Court.

*General Term—April,* 1883.

### DANIEL *against* MORRISON ET AL.

A judgment recovered in the marine court, like one recovered in the other courts of record, is not outlawed until twenty years after the recovery thereof.

McADAM, J.—The decision in Lester *v.* Redman (6 *Hill,* 59) is inapplicable, because made before the adoption of the Code, which changed the rule of law prevailing when that case was decided. The Code in force when the judgment sued upon was recovered, gave the creditor twenty years within which to sue upon the judgment (*Old Code,* § 90, Conger *v.* Vanderwater, 1 *Abb. N. S.* at p. 128 ; and see 9 *Abb. Pr.* 277 note). The provisions of the New Code (§ 382, subd. 7), substantially re-enacting the statute in force when Lester *v.* Redman was decided, must be construed in connection with the preceeding sections 2 and 3, which in distinguishing between courts of record and those not of record, rank the marine court with the other courts of record of the State. So construed, it is apparent that the codifiers did not intend to make section 382, *supra,* applicable to the marine court, nor to

divest its judgments of any of the legal efficacy given to them by the laws in force at the time of their recovery. To hold otherwise would be to extend the statute of limitations beyond the letter and apparent intent of tne act, a mode of construction not favored (*Sedgwick on Statutory Law*, pp. 108, 321). The marine court has been a court of record since 1813 (2 *R. S.* 1813, p. 397, §§ 106, 107), although not for general purposes. The act of 1872 (chap. 629), however, declared it to be a court of record " to and for all intents and purposes." In the light of these different enactments we think the order appealed from should be affirmed with costs.

HYATT, J., concurred.